Boston M. CHANCE, Louis C. Mercado, et al., Plaintiffs,

v.

The BOARD OF EXAMINERS, the Board of Education of the City of New York, the Chancellor of the City School District, et al., Defendants.

70 Civ. 4141(MP).

United States District Court, S. D. New York.

July 19, 1979.

Jeanne R. Silver, New York City, for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Bd. of Examiners, by Barry P. Schwartz, New York City.

Law Dept. of the City of New York, New York City, for defendant Bd. of Ed. by Deborah Rothman, Asst. Corp. Counsel, New York City.

Lewis, Greenwald & Oberman, New York City, for intervenor Council of Supervisors and Administrators by Leonard Greenwald, New York City.

## MEMORANDUM

POLLACK, District Judge.

The plaintiffs have moved for costs and attorneys' fees against the defendant Board of Education for all work done after May 15, 1976, the cut-off date of an earlier award of fees, and against the intervenor-defendant Council of Supervisors and Administrators of the City of New York (CSA) for all work done throughout the case on matters on which the CSA intervened. The CSA has cross-moved for costs and fees against the plaintiffs. For the reasons shown hereafter, both motions will be denied.

By May 1976 this case had become divided into two branches, one dealing with the examinations and other procedures by which supervisory personnel in the New York City schools were to be selected and the other dealing with "excessing," or the way in which such personnel were to be transferred, demoted or terminated when positions closed.

On the examinations branch of the case, Judge Mansfield had entered a Final Judgment on Consent on July 12, 1973, and on March 25, 1975, Judge Tyler had approved a Permanent Plan to be incorporated into that Judgment. In March 1976 the Board of Education, with the support of the plaintiffs, moved to amend the Permanent Plan. On July 7, 1976, the Court entered a modified Judgment, amending the Permanent Plan substantially as requested by the Board and the plaintiffs. The Board of Examiners appealed, arguing *inter alia* that the intervening decision of the Supreme Court in *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), required that the complaint be dismissed. In a decision handed down on August 11, 1977, the Court of Appeals found it unnecessary to consider *Washington v. Davis,* held that both the original and amended Permanent Plans passed constitutional muster and that the choice between them was properly one of state law, and directed this Court to relinquish jurisdiction over the case and to

remit the parties to State court. 561 F.2d 1079.

On the excessing branch of the case, Judge Tyler had ordered on February 7, 1975, that racial quotas be imposed on excessing until November 30, 1977. The Court of Appeals had reversed on January 19, 1976, holding that constructive seniority could be granted as an interim measure only to members of the plaintiff class who had taken and failed the former examinations. 534 F.2d 993. On May 17, 1976, the Court of Appeals amended its decree to permit constructive seniority also for members of the plaintiff class who had not taken the former examinations because they had thought that the examinations were not job-related. *Id.* at 1007. The CSA sought *certiorari,* which was denied. 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060; 434 U.S. 881, 98 S.Ct. 243, 54 L.Ed.2d 164 (1977). On August 25, 1976, this Court ordered the Board of Education to award interim constructive seniority to certain members of the plaintiff class.

After the decision of the Court of Appeals on the examinations branch of the case, counsel for the plaintiffs filed a motion to clarify the effect of that decision on the excessing branch of the case. On October 13, 1977, the Court of Appeals noted that the question of excessing was not covered by its decision of August 11 and directed this Court to sever the excessing branch of the case from the examinations branch, over which this Court had been directed to relinquish jurisdiction. 561 F.2d at 1092.

In April 1978 the plaintiffs moved to make the interim constructive seniority permanent. On June 20, 1978, the Court denied the plaintiffs' motion, vacated the interim constructive seniority, and closed the excessing branch of the case. The plaintiffs appealed this decision, then withdrew the appeal, and finally decided not to reinstate their appeal.

■ Under both the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, and the Emergency School Aid Act, 20 U.S.C. § 1617, fees may be awarded only to the "prevailing party." Under this standard, the plaintiffs are not entitled to recover additional fees.

The plaintiffs have not prevailed on the examinations branch of the case since before May 1976, the cut-off date of the earlier award of fees. In July of that year the Court modified the Permanent Plan at the instance of the Board of Education and the plaintiffs. The Court of Appeals, however, reversed that modification and directed this Court to relinquish jurisdiction over the examinations branch of the case.

Further, the Court determined on February 11, 1976, that, because the Court of Appeals had reversed the imposition of racial quotas on excessing, the plaintiffs had not prevailed on the excessing branch of the case, notwithstanding the fact that the Court of Appeals did allow interim constructive seniority for some members of the plaintiff class. 70 F.R.D. 334, 340. The fact that the Court of Appeals later expanded somewhat the number of persons who could be awarded interim constructive seniority does not change this conclusion: the plaintiffs still failed to sustain the relief they had obtained below. In addition, this Court later denied the plaintiffs' motion to award permanent constructive seniority and vacated the earlier award of interim constructive seniority. Thus, the plaintiffs did not prevail on the excessing issue.

■ Although the plaintiffs did not prevail in the later stages of the case, nothing in their actions was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Therefore, the CSA may not recover its attorneys' fees.

Accordingly, both motions for an award of fees and costs are denied.

SO ORDERED.