PER CURIAM.
The mother of a minor child sought custody of the child. After an ore tenus hearing the trial court refused to award custody to the mother. The trial court taxed all costs of the proceeding against Legal Services Corporation of Alabama (Legal Services) whose representative was the attorney for the mother.
Legal Services appeals, contending the trial court erred in taxing the costs against *236 Legal Services. Put another way, Legal Services contends the trial court had no authority to so tax the costs. We reverse and remand.
It is not necessary to set out in detail the facts leading up to the questioned action. However, the following is noted:
In 1977, the Department of Pensions and Security was awarded custody of the child. Thereafter in 1979 custody of the child was granted to the maternal grandparents. In 1980, the mother “retained” Legal Services to represent her in seeking custody. Legal Services filed suit on behalf of the mother seeking custody of the child. As indicated above, the trial court refused to change custody and taxed the costs against Legal Services.
The trial court in pertinent part found the following:
“Petitioner, Kelly, has demonstrated that she is not only immoral in her beliefs and behavior but perhaps even amoral. She was advised and counseled to correct her life and she has refused. She knew her life-style was wrong and improper by current, acceptable social standards and would have made no move to regain custody of her child had it not been for the encouragement of her attorneys to do so.
“The Court finds that the real party at interest in Petitioner’s cause is Legal Services Corporation of Alabama. It is using this case as a means of challenging certain laws and legal principles without any real concern for either the Petitioner, Kelly, or her child. The Petitioner, Kelly, gave birth to a child on Wednesday and came to court on Thursday. She remained in great discomfort and probably pain during the course of the trial. Her new born infant, suffering a serious birth defect, was removed to Birmingham for surgery, but without being accompanied by her mother, because her mother had to be in Court. It is relevant to mention also that the father of the child, who was described in absentia as a loving and caring companion and father made no attempt to be with either the mother or child during these experiences. The Petitioner, however, remains confident that they will be married. A delay in the trial of this case would have helped more than hurt Petitioner’s claim, but none was asked for....
“There is no doubt that the minor child, Jennifer Lee Kelly, is better off with her grandparents, the Dunlaps, and the Court finds no good reason or legal grounds at this time to change her custody.
“The Court finds too, nothing wrong procedurally in this matter. Throughout the history of this case, the Petitioner, Kelly, and her child were afforded all the legal rights and safeguards that our laws and constitutions provide at both the state and federal levels. After over three years, she should not be allowed to say it was all a mistake. Her only relief is in showing that her circumstances have improved. She has failed to do this. If anything she has proven they are worse; it is therefore
“ORDERED AND ADJUDGED BY THE COURT that the Motion to Dismiss the Petition of Lee Dunlap Kelly, made by the Respondents, Dunlaps, at the close of Petitioner’s case be granted; and
“That Legal Services Corporation of Alabama, an attorney for the Petitioner, pay all the costs taxed herein, including the costs of depositions and a reasonable guardian ad litem fee for the Honorable William D. McFatter, who represented the child, Jennifer Lee Kelly.”
This order is dated October of 1980.
Thereafter, the grandparents specifically filed a motion requesting that costs and attorney’s fees be assessed against Legal Services pursuant to 42 U.S.C. § 2996e(f). The trial court then reaffirmed its order of October, thereby granting the grandparents’ motion for the taxing of costs.
The applicable statute, 42 U.S.C. § 2996e(f) [1], is as follows:
*237 “If an action is commenced by the Corporation or by a recipient and a final order is entered in favor of the defendant and against the Corporation or a recipient’s plaintiff, the court shall, upon motion by the defendant and upon a finding by the court that the action was commenced or pursued for the sole purpose of harassment of the defendant or that the Corporation or a recipient’s plaintiff maliciously abused legal process, enter an order (which shall be appealable before being made final) awarding reasonable costs and legal fees incurred by the defendant in defense of the action, except when in contravention of a State law, a rule of court, or a statute of general applicability. Any such costs and fees shall be directly paid by the Corporation.”
In this instance, it is clear that Legal Services commenced an action. It is also clear that an order was entered against Legal Services’ position. Furthermore, a motion was filed by the prevailing party for costs to be taxed, and the trial judge, in effect, made a finding that the actions of Legal Services amounted to harassment or malicious abuse of the legal process under § 2996e(f). Aside from the above language in the decree, the trial judge, speaking during a hearing on taxing costs to Legal Services, said, “I think there is enough in the evidence to support what is set out there in your Federal Statute about Corporations having to pay the cost.” The trial judge said Legal Services brought the case as a “cause case,” which was “considered to be extremely important” for the purpose of developing “some law that Legal Services wanted developed, or changed, or challenged, or repealed, or something of that nature.”
The inquiry before this court is whether the trial court’s action taken pursuant to 42 U.S.C. § 2996e(f) is supported by the evidence. Put another way, does the evidence support the finding that Legal Services pursued this case for the sole purpose of harassment, or maliciously abused the legal process.
In order to examine the evidence in the proper light, it is first necessary to examine the meaning and purpose of 42 U.S.C. § 2996e(f).
After diligent search, this court has found only two cases in which § 2996e(f) is at issue.[2] A federal district court, acknowledging no previous court has “construed the parameters of the liability of the Legal Services Corporation” under § 2996e(f), wrote: “A principal purpose of this statute, in our view, was to effectually waive sovereign immunity for liability resulting from vexatious litigation commenced or pursued against a defendant by the Corporation, ...” Flora v. Moore, 461 F.Supp. 1104, 1120 (N.D.Miss.1978).
Adopting language from a Civil Rights Title VII case on taxing costs, the court in Flora wrote:
“We are of the opinion that a meritless action which is prosecuted or pursued ‘in bad faith, vexatiously, wantonly, or for oppressive reasons,’ Hall v. Cole, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702, 707 (1973), is the legal equivalent of ‘an action pursued for the sole purpose of harassment of the defendant,’ within the meaning of 42 U.S.C. § 2996e(f).”
Flora v. Moore, supra, at 1121.
The term “meritless” has been defined by the United States Supreme Court as “meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, ...” Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).
In Flora, there was ample evidence to support a finding of a “meritless” action pursued in a vexatious, wanton manner for oppressive reasons. The court listed at least eleven examples including incidences where counsel ignored the court’s ruling; requested extensive discovery depositions, requests for admissions of fact and motions *238 for the production of documents with little or no relevance to the case; introduced voluminous evidence having no relationship whatever to the plaintiff’s claims; obstinately refused to recognize court orders, and instituted a second case against the same defendant on much the same grounds as they had just lost. Based upon such behavior, the court found that the litigation was pursued in a contumacious manner for the sole purpose of harassing the defendant. Flora v. Moore, supra.
After a careful review of the record, in the instant case, we find no evidence which appears comparable to the examples in Flora, nor which would fall within the intended parameters of liability under § 2996e(f). In the first place, we cannot say the case Legal Services presented was totally meritless. Two Department of Pensions and Security social workers who were acquainted with the situation testified that the mother was a fit person to have custody. The child’s guardian ad litem told the judge that enough evidence was presented to support a finding it was in the child’s best interest to be returned to the mother’s custody.
Furthermore, the record presents no clear evidence to support the learned trial judge’s finding that except for Legal Services, the mother would not have sought to regain custody. On the contrary, one social worker testified the mother’s “primary concern from the beginning of our relationship was: ‘How can I get my little girl back? What must I do? I want my child back.’ ” A second social worker testified the mother “seemed sincere” in wanting her child back. The mother testified she had made plans for the return of the child including investigating schools and gymnastic programs.
The trial judge is no doubt correct in finding a request for a delay in the trial would have helped the case, and been better for the mother who gave birth to a seriously ill child the day before the trial began. But the Legal Services’ attorney’s failure to seek a later trial date is not sufficient evidence of harassment or abuse of the legal process under § 2996e(f).
The trial judge’s finding that Legal Services brought the case as a “cause case” to change, challenge or repeal the laws is not clearly supported by the record on its face. The Legal Services’ attorney did challenge the constitutionality of the laws which permitted the Department of Pensions and Security to remove the child, but that argument was presented only once during the trial and was not emphasized at trial. Nor was that issue appealed. The record indicates the trial was instead dominated by testimony concerning the mother’s fitness and her life style—issues pertinent to the custody of the child.
Both the plain language of § 2996e(f) and the view of that provision taken by the court in Flora indicate liability under § 2996e(f) arises only in extreme eases, Flora v. Moore, supra; C.f., Christiansburg Garment Co. v. EEOC, supra, not merely when Legal Services’ client has a weak case and lost. Even if the Legal Services’ attorneys were motivated by a desire to strike down a law, that would not constitute an action pursued “for the sole purpose of harassment of the defendants.” (Emphasis added). Nor would such a challenge to the constitutionality of a law constitute “maliciously” abusing the legal process in this case since a successful challenge would have benefited the client’s position.
As the court in Flora noted, taxing legal fees and costs against Legal Services is “punitive in nature.” Flora v. Moore, supra, at 1122. Such a punitive effect is designed to protect the public from “frivolous” suits brought by Legal Services. Flora v. Moore, supra.
With that in mind, we cannot say that this suit, however imprudently pursued, was frivolous to the mother who wanted her daughter back. Nor can we say that Legal Services’ actions on behalf of their client, who admittedly had a weak case, was conducted “solely” for harassment or maliciously abused the legal process. This is not to be read as saying we in any way condone the actions of the Legal Services’ attorneys *239 in their handling of this case, but only to say in this case their actions do not fall within the parameters of liability under 42 U.S.C. § 2996e(f).
We therefore reverse and remand.
REVERSED AND REMANDED.
All the Judges concur.

. 42 U.S.C. § 2996 and its subchapters specifically deal with the Legal Services Corporation, its creation, purpose, powers, duties and limitations.

. The only other case in which 42 U.S.C. § 2996e(f) was at issue was not on point and provided no guidance as to the boundaries of the statute. See Brewer v. Erwin, 287 Or. 435, 600 P.2d 398 (1979).