728 F.2d 1281
 34 Fair Empl.Prac.Cas. 253,
33 Empl. Prac. Dec. P 34,202
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff-Appellant/Cross-Appellee,
v.
F & D DISTRIBUTING, INC., Defendant-Appellee/Cross-Appellant.
 Nos. 82-2556, 82-2600.
 United States Court of Appeals,
Tenth Circuit.
 March 5, 1984.
 
 David L. Slate, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, and Susan Buckingham Reilly and Raymond R. Baca, Attys., E.E.O.C., Washington, D.C., for plaintiff-appellant/cross-appellee.
 F.D. Moeller, of Moeller & Burnham, Farmington, N.M., for defendant-appellee/cross-appellant.
 Before SETH, Chief Judge, and BREITENSTEIN and McKAY, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq. The Equal Employment Opportunity Commission, EEOC, alleged that defendant F & D Distributing, Inc., discriminated against Ms. Rowena Gressel and other females because of their sex in refusing to consider them for employment as route drivers. Trial to the court resulted in a judgment favorable to the defendants, and the EEOC appeals. We affirm.
 
 
 2
 F & D Distributing is a corporation engaged in the sale and distribution of books and magazines in Durango, Colorado, and Farmington, New Mexico. The corporation, owned by Tom and Kathryn Fawcett, owns and operates the Village Book Shop in Farmington. In June, 1980, F & D published a newspaper advertisement seeking applicants for a route driver vacancy. The advertisement stated:
 
 
 3
 "WANTED--ROUTE Person for magazine & book distributing co.; Must be 21 yrs. old & have good driving record; Job requires skill in merchandising, for complete in store service to retail accounts in and around Farmington; Fantastic future opportunities & growth potential for an ambitious individual who is willing to work hard; Paid vacation, insurance benefits, & bonuses offered; Pick up applications at Village Book Shop, San Juan Plaza."
 
 
 4
 On June 30, 1980, Rowena Gressel went to the Village Book Shop to apply for the job. The testimony is conflicting as to the conversation at the shop, but the court accepted the version of events as recited in plaintiff's charge of unlawful discrimination as filed with the New Mexico Human Rights Commission. The plaintiff spoke with an employee in the store, a sixty-year old woman, Mrs. Claborn, requesting an application for the route driver's job. Mrs. Claborn replied: "Well dear, I really don't think this is [a] woman's job." When the plaintiff asked why, Mrs. Claborn said: "Well, it's a man's job and requires some lifting." Plaintiff responded: "Well, I guess I won't waste my time." She then left without asking Mrs. Claborn if she was the manager and without requesting an application form.
 
 
 5
 The defense testimony was that Mrs. Claborn was not manager of the store, that she had no authority to hire or fire, and that her responsibility was only to take applications and to make such comments as she deemed appropriate.
 
 
 6
 The trial court found that because she had no authority to hire or fire and had not been clothed with apparent authority, Mrs. Claborn was not the agent of F & D. The EEOC argues that the court applied the wrong test for agency. It says that the cases have applied the theory of respondeat superior to hold the employer liable for acts of an employee taken within the scope of his employment.
 
 
 7
 Miller v. Bank of America, 9 Cir., 600 F.2d 211, 213, was a case where that court held that respondeat superior is the proper test "where the action complained of was that of a supervisor, authorized to hire, fire, discipline or promote, or at least to participate in or recommend such actions, even though what the supervisor is said to have done violates company policy." In Gillin v. Federal Paper Board Company, Inc., 2 Cir., 479 F.2d 97, the employee plaintiff asked the supervisor about applying for a different job which was open, but did not apply because she was told that it was a man's job. Although the vice president had the ultimate hiring responsibility, the supervisor made recommendations which determined who would be interviewed. On this basis the court held that the company could be held liable for discrimination. In Nanty v. Barrows Co., 9 Cir., 660 F.2d 1327, the court held that plaintiff had made out a prima facie case of discrimination. Plaintiff went to the company's warehouse three times seeking a job as truck driver. Normally, an employee of Barrows would interview an applicant and if found qualified by the interviewer, he would be given an application. Plaintiff was told that the job had been filled even though Barrows continued to accept applications thereafter.
 
 
 8
 EEOC argues that the courts have looked beyond the authority to hire and fire in determining agency and thus "employer" status under Title VII. This case, however, is fundamentally different from Miller, Gillin, or Nanty, in that there is no evidence that Mrs. Claborn had any authority in the hiring process. No evidence indicated that F & D engaged in a pattern of discrimination. The job advertisement was completely non-discriminatory. Although she was allowed to make comments, no evidence was adduced that these comments constituted a "prescreening" affecting the interviewing or hiring process. Mrs. Claborn had no authority to refuse, and never refused, to give Ms. Gressel an application. There is no evidence of a consistently enforced discrimination policy that would deter applicants from seeking the job. Cf. International Brotherhood of Teamsters v. United States, 431 U.S. 324, 365-366, 97 S.Ct. 1843, 1869-1870, 52 L.Ed.2d 396. The plaintiff did not prove her case.
 
 
 9
 The defendant's cross-appeal attacks the trial court's failure to award it attorneys' fees as the prevailing party. See 42 U.S.C. Sec. 2000e-5(k). In deciding whether fees should be awarded, the trial court must determine whether the action was frivolous, unreasonable, or groundless. See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648. The trial court's determination that the suit was not so unreasonable as to warrant the award of fees was not an abuse of discretion.
 
 
 10
 Affirmed.