Phillip **PARADISE, Jr., individually and on behalf of the class similarly situated, Plaintiffs,**

**United States of America, Plaintiff and Amicus Curiae,**

v.

Byron **PRESCOTT, as Director of the Alabama Department of Public Safety, etc., et al., Defendants,**

**V.E. McClellan, et al., Defendant-Intervenors.**

**Civ. A. No. 3561–N.**

United States District Court, M.D. Alabama, N.D.

Nov. 22, 1985.

118

Denis N. Balski, Montgomery, Ala., for plaintiffs.

John C. Bell, U.S. Atty., Montgomery, Ala., Cynthia Drabek, Dept. of Justice, Washington, D.C., for the U.S.

Charles A. Graddick, Richard N. Meadows, Rosa H. Davis, Montgomery, Ala., (for Personnel Director), Edward L. Hardin, Jr., Birmingham, Ala., Ray Acton, Ken Wallis, Montgomery, Ala., (Legal Adviser for the Governor), for defendants.

James S. Ward, Birmingham, Ala., for defendant-intervenors.

MYRON H. THOMPSON, District Judge.

This cause is now before the court on the plaintiffs' September 3 and 5, 1985, petitions for interim attorney fees from the defendant-intervenors for time and expenses incurred by the plaintiffs in the recent appeal of this case.* *Paradise v. Prescott,* 767 F.2d 1514 (11th Cir.1985). The Eleventh Circuit affirmed this court's temporary requirement that in the future the Alabama Department of Public Safety promote one black trooper for each white trooper promoted; this court's later suspension of that requirement; and this court's approval of new promotion plans, developed by the department, that did not have adverse racial impact against black troopers. *Id. See also Paradise v. Prescott,* 585 F.Supp. 72 (M.D.Ala.1983).

For the reasons stated by Judge Morris E. Lasker in *Kirkland v. New York State Department of Correctional Services,* 524 F.Supp. 1214 (S.D.N.Y.1981), this court is convinced that the defendant-intervenors here are "functionally plaintiffs" and, as plaintiffs, should not bear the opposing party's attorney fees unless the claims presented by the defendant-intervenors were "frivolous," "unreasonable," or

* The plaintiffs have already received interim at-

"without foundation." *Hughes v. Rowe,* 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980); *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Today, the defendant-intervenors are white persons who sought to challenge a promotion scheme they honestly believed discriminated against them because of their race; tomorrow, the defendant-intervenors may very well be black persons seeking to do the same in another lawsuit. They should all be treated the same.

Accordingly, the court being of the opinion that the defendant-intervenors' claims were not frivolous, unreasonable, or without foundation, it is ORDERED that the plaintiffs' September 3 and 5, 1985, petitions for interim attorney fees from the defendant-intervenors are denied.

torney fees from the defendants.