**MID-HUDSON LEGAL SERVICES, INC., et al., Plaintiffs,**

v.

**G & U INC. et al., Defendants.**

No. 77 Civ. 3391–CSH.

United States District Court, S. D. New York.

Jan. 26, 1978.

See also 437 F.Supp. 60.

Mid-Hudson Legal Services, Inc., for plaintiffs; Howard Schell Reilly, Gene Reibman, Poughkeepsie, N. Y., Anthony Szczygiel, of counsel.

Meehan & Fink, Goshen, N. Y., for defendants; Robert W. Fink, Goshen, N. Y., of counsel.

MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiffs, who include a federally funded anti-poverty organization and certain individual members of its legal staff, apply pursuant to 42 U.S.C. § 1988 (the Civil Rights Attorney's Fees Award Act of 1976 ["the Act"], 90 Stat. 2641 [October 26, 1976]) for an award of counsel fees. Previously, plaintiffs had obtained from this Court a permanent injunction requiring defendants (consisting in main of a corporation operating a large farm in upstate New York and its principal officers) to allow movants appropriate access to migrant farm workers lodged on defendants' property in order that they might advise these laborers of their legal rights, distribute pamphlets to them and otherwise fulfill their mandate under the federal legislation providing for such services, see 42 U.S.C. § 2862, et seq. The motion is denied.

Section 1988 of the Act provides inter alia that a federal court, in the exercise of its discretion, may remunerate "private attorneys general" where they succeed in

vindicating rights created under certain federal statutes, especially those established by the Civil Rights Act, 42 U.S.C. §§ 1981 through 1986.[1] This section was enacted to cure certain anomalies arising under *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which held that contrary to the prevalent belief that the federal courts had equitable power to grant attorney's fees in appropriate cases, no such authority existed absent a specific statutory grant. Since some fundamental civil rights laws lacked such language while parallel or supplementary provisions possessed explicit grants, inequitable results, clearly unintended by the legislative draftsmen, would result. For example, the Second Circuit in *Torres v. Sachs*, 538 F.2d 10, 13 (2d Cir. 1976) observed:

". . . [F]ees are now authorized in an employment discrimination suit under Title VII of the 1964 Civil Rights Act; but not in the same suit brought under 42 U.S.C. § 1981, which protects similar rights but involves fewer technical prerequisites to the filing of an action. Fees are allowed in a suit under Title II of the 1964 Act challenging discrimination in a private restaurant, but not in suits under 42 U.S.C. § 1983 redressing violations of the Federal Constitution or laws by officials who are sworn to uphold the laws."

The rationale of the Act, as described above, fully indicates that it is inapplicable to the case at bar. Here, plaintiffs have not vindicated rights existing by virtue of any civil rights statute, but their own rights under the First Amendment. Indeed, since no migrant farmworkers were parties to this action, plaintiffs lacked standing to invoke their rights which might have been cognizable under the pertinent legislation. This Court made it plain in its earlier opinion, granting injunctive relief[2] that what was being redressed was plaintiffs' First Amendment right to freedom of association rather than any right to be free from invidious discrimination or protection against deprivation of one's civil liberties. Consequently, the purpose for which the Act was created would not be furthered by its application herein.

Plaintiffs urge that their rights are inextricably intertwined with those of the migrant farmworkers, and that because Section 1983 provides an alternative basis for federal jurisdiction to correct the violation of their own First Amendment rights, the Act should apply. Those arguments are unpersuasive. Although plaintiffs did suffer an illegal abridgement of their Constitutional rights while attempting to further the interests of the migrant laborers, the legal rights of the two groups are plainly distinct. Moreover, despite the fact that Section 1983 might provide a jurisdictional basis for this Court to consider the injury done to the named plaintiffs, that statute is in this respect procedural rather than substantive: that is, Section 1983 does not create the rights which plaintiffs seek to vindicate, but merely allows this federal tribunal to entertain the action. Finally, the Act may not be read expansively. Where a statute contravenes the common law, it must be construed narrowly and applied literally. Thus, the Court finds that application of the Act would be inappropriate in the case at bar.

■ Even if Section 1988 were operative herein, the Court in the exercise of the

---

1. The statute reads in pertinent part:

". . . In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

2. The Court noted:

". . . [I]n asserting this First Amendment claim, plaintiffs are not improperly seeking to raise the interests of the migrants, cf. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Evans v. Lynn*, 537 F.2d 571 (2d Cir. 1976) (en banc), but rather asserting their own rights of free speech." 437 F.Supp. at 62.

discretion would decline to grant plaintiffs attorneys' fees. The record indicates that the injunctive relief ordered was based upon defendants' refusal, on a single occasion, to admit plaintiffs onto their premises. That denial of access was based upon a good faith, though legally misconceived, notion that defendants possessed the right to bar plaintiffs from their farm. There is no showing that the permanent injunction, entered last summer, has been violated. Consequently, while plaintiffs have prevailed, the defendants' activities did not evince the kind of bad faith, viciousness or callous disregard for plaintiffs' rights that is generally redressed by an award of attorneys' fees. Cf. *Christianburg Garment Co. v. EEOC,* — U.S. ——, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Carrion v. Yeshiva University,* 535 F.2d 722 (2d Cir. 1976).

The motion is denied.

It is So Ordered.