**Dean A. SMITH, Plaintiff,**

**v.**

**Mark GOSH, individually and in his official capacity as a police officer for the County of Wood; and Duane Nothnagel, individually and in his official capacity as a police officer for the City of Marshfield, Defendants.**

No. 86–C–81–S.

United States District Court,
W.D. Wisconsin.

Feb. 17, 1987.

John J. Nikolay, Abbotsford, Wis., for plaintiff.

Richard G. Niess, Rick J. Mundt, Madison, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Dean Smith brought this 42 U.S.C. § 1983 action against the defendants Mark Gosh and Duane Nothnagel because the defendant police officers allegedly used excessive force when arresting the plaintiff and unreasonably detained plaintiff. The unreasonable detention claim was dismissed by the Court during trial. The excessive force claim went to

the jury, but the jury found that the defendants did not use excessive force.

Since defendant Nothnagel prevailed in this § 1983 action, he asks that he be awarded his attorneys' fees pursuant to 42 U.S.C. § 1988. Section 1988 provides in part that:

In any action or proceeding to enforce a provision of sections [1981–1983] . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

When a defendant is the prevailing party, the Court may award attorneys' fees to that defendant upon a finding that the plaintiff's action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978); *Bedillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1163 (7th Cir.1983).

This Court will examine the facts of this case in the light most favorable to the plaintiff to determine whether plaintiff's claims against defendant Nothnagel were "frivolous, unreasonable, or groundless." The facts are as follows. On October 14, 1984, at approximately 12:45 A.M., plaintiff was operating his motor vehicle in the city of Marshfield, Wisconsin. He was stopped by police officer Mark Gosh, a police officer with the Wood County Sheriff's Department. Gosh approached plaintiff's vehicle and requested plaintiff's driver's license, which plaintiff produced. Shortly thereafter, Gosh requested that the plaintiff exit his vehicle and perform several roadside tests. He performed these tests without difficulty.

Plaintiff requested the return of his driver's license, at which point Gosh verbally abused and harassed the plaintiff. An argument ensued between the plaintiff and Gosh, and subsequently the plaintiff and Gosh struggled to the ground. Plaintiff testified in his deposition that while he was struggling with Gosh on the ground, Gosh did not strike him. Plaintiff's wife, Linda Britten-Smith, who witnessed the event, testified in her deposition that while plaintiff and Gosh were struggling on the ground, Gosh pulled plaintiff's hair and beat plaintiff's head on the ground, but did not strike the plaintiff fist to flesh.

While plaintiff and Gosh were struggling on the ground, three other police officers arrived. One of these police officers was Duane Nothnagel, a police officer with the Marshfield Police Department. According to the plaintiff, Nothnagel jumped on top of him and hit him on the back of the head. Plaintiff's wife testified that she did not see any police officers strike plaintiff.

Gosh and Nothnagel restrained the plaintiff with plastic restraints. These plastic restraints caused pain to plaintiff's wrists. Plaintiff was forced into Nothnagel's police car and transported to the Marshfield Police Department. While at the Police Department, plaintiff was bound by his hands and feet. From the Marshfield Police Department he was taken to the Wood County Sheriff's Department in Wisconsin Rapids. Plaintiff was charged with driving while under the influence of alcohol and resisting arrest. Plaintiff was released on October 14, 1984 at 3:00 P.M. Plaintiff was subsequently convicted of driving while under the influence and resisting arrest. Plaintiff brought this action against the defendants on February 6, 1986.

Dr. Boyd Groth examined the plaintiff for injuries. In his deposition and at trial Dr. Boyd testified that plaintiff had many injuries. Specifically, plaintiff had a large hematoma on the back of his head surrounded by multiple bruises, had bruises up and down his body, had a band of fairly intense skin damage around his wrists, had some permanent nerve damage in his thumb, and was apparently the subject of torture from the description of those injuries related to him by plaintiff and plaintiff's father.

Based upon these facts, this Court must determine whether plaintiff's excessive force claim and plaintiff's unreasonable detention claim were unreasonable or ground-

less. The Court will first examine plaintiff's excessive force claim.

■ In order to constitute a § 1983 excessive force claim, a police officer's use of force must have (1) caused severe injuries, (2) been grossly disproportionate to the need for action under the circumstances, and (3) been inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience. *Gumz v. Morrissette*, 772 F.2d 1395, 1400 (7th Cir.1985). This Court will accept plaintiff's contention that the defendants' use of force caused him severe physical injuries. This Court will accept that there may have been a genuine issue regarding whether defendants' use of force was grossly disproportionate to the need for action under the circumstances. However, this Court can find absolutely no evidence, even when viewed in the light most favorable to the plaintiff, that the Nothnagel's use of force was inspired by malice so that it amounted to an abuse of official power that shocks the conscience.

Plaintiff contends that defendants used excessive force when they struck him and when defendants put the plastic restraints on too tightly. If defendant Nothnagel did strike the plaintiff, it was not until after plaintiff and police officer Gosh began struggling on the ground and before plaintiff was restrained. Once plaintiff was restrained, he was not struck by Nothnagel. Looking at this evidence in the light most favorable to the plaintiff, the most that can be alleged is that the Nothnagel's striking of the plaintiff was an unwise excess of zeal which occurred when the defendants were attempting to restrain the plaintiff. No evidence suggests that Nothnagel's striking of the plaintiff was an abuse of official power that shocks the conscience.

Plaintiff also alleges that the plastic restraints were placed too tightly. However, even if the restraints were placed too tightly, this occurred after plaintiff resisted his arrest. Given these circumstances, the most that can be alleged is that the use of the tight restraints was careless or an unwise excess of zeal due to plaintiff's prior behavior. No evidence suggests that the use of the tight restraints was an abuse of official power that shocks the conscience.

■ This Court finds that the evidence clearly does not support plaintiff's claim of excessive force by the defendant Nothnagel because there was no factual evidence to indicate that defendant Nothnagel's actions were inspired by malice. However, even though plaintiff was not able to produce any factual evidence to indicate that defendant Nothnagel's actions were inspired by malice, this Court must conclude, based upon the Seventh Circuit's reasoning in *Coates v. Bechtel*, 811 F.2d 1045 (7th Cir.1987), that the plaintiff had grounds for bringing the suit and was entitled to engage in limited discovery regarding defendant Nothnagel's state of mind. The fact that plaintiff was injured, possibly from a blow by Nothnagel, was enough to allow plaintiff to bring suit and conduct discovery into Nothnagel's state of mind. Since plaintiff had grounds for bringing the excessive force claim against defendant Nothnagel, the Court holds that defendant Nothnagel is not entitled to recover his attorneys' fees for defending the excessive force claim.

Plaintiff also claimed that the defendants unreasonably detained him in jail. When asked about the unreasonable detention claim against Nothnagel in his deposition, plaintiff was asked the following questions and gave the following answers.

Q  I take it you are contending that you were kept an unreasonable length of time?

A  Definitely.

Q  That wasn't Duane Nothnagel's doing, was it?

A  I don't know that.

Q  You have sued him for that, haven't you?

A  Yes.

Q  You have sued him for it, but you don't know that he really had anything to do with how long—

A  They instigated it and I was there. You have to believe somebody was involved.

 Plaintiff began this unreasonable detention claim against defendant Nothnagel knowing only that Nothnagel "instigated" the arrest and that plaintiff was held in jail. Even though plaintiff knew only these facts, he brought an unreasonable detention claim against defendant Nothnagel because he apparently believed that Nothnagel attempted to keep him in jail in order to hide his injuries from others. This belief appears enough to justify the plaintiff to move forward on the unreasonable detention claim against Nothnagel in an effort to uncover evidence that would lend support to his allegations. *Coates v. Bechtel,* 811 F.2d 1045, at 1052 (7th Cir.1987). Since plaintiff believed he had grounds for bringing this unreasonable detention claim, defendant Nothnagel is not entitled to recover his attorneys' fees for defending the questionable action.

Although defendant Nothnagel cannot recover his attorneys' fees, this Court believes that recovery should be allowed in similar situations. As Judge Flaum stated in *Hamilton v. Daley,* 777 F.2d 1207, 1211 (7th Cir.1985):

> Meritless lawsuits clog court dockets, delaying the resolution of meritorious suits and diverting judicial resources that could be devoted to worthwhile litigation. Courts exist to settle disputes, not to settle scores. Suits filed with no real hope of victory needlessly bring defendants through the costly and agonizing uncertainty of defending suit. When these defendants are public officials, their professional reputations are threatened, and they may be induced to re-examine their calling to public service. Congress recognized these dangers in providing fees not just to prevailing plaintiffs but to prevailing *parties. See* 42 U.S.C. § 1988.

There exists, however, a division of authority. According to the Seventh Circuit, a district court may award attorneys' fees to a prevailing defendant under § 1988 only in "very circumscribed situations." *Coates v. Bechtel,* 811 F.2d 1045, at 1050, No. 86–1197, slip op. at 7 (7th Cir. Feb. 2, 1987). These situations have been so circumscribed that this Court can rarely, if ever, grant a prevailing defendant's request for attorneys' fees under § 1988, particularly where it follows Rule 1 of the Federal Rules of Civil Procedure, requiring a just, speedy and inexpensive determination of every action. *Coates,* at 1052–1053. Since this case is not one of those rare situations where this Court can grant attorneys' fees to a prevailing defendant, defendant Nothnagel's request for attorneys' fees must be denied.

### ORDER

IT IS ORDERED that defendant Duane Nothnagel's motion for attorneys' fees is DENIED.