**NATIONAL FOODS, INC., Plaintiff,**

v.

**Schulem RUBIN, individually and as Director of the Kosher Law Enforcement Division of the Department of Agriculture and Markets of the State of New York, Defendant.**

**No. 89 Civ. 2930 (MGC).**

United States District Court, S.D. New York.

July 24, 1990.

See also, 752 F.Supp. 178.

Stein, Zauderer, Ellenhorn, Frischer & Sharp by David N. Ellenhorn, Harry Frischer, Daniel J. Rothstein, New York City, for plaintiff.

Rosenman & Colin by Gerald Walpin, Charles E. Knapp, New York City, for defendant.

CEDARBAUM, District Judge.

After oral argument, I denied defendant's motion to assess sanctions against the plaintiff under Fed.R.Civ.P. 11 and reserved decision on defendant's application for attorneys' fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976. 42 U.S.C. § 1988. My examination of the opinions interpreting section 1988 does not support defendant's argument that in enacting section 1988 Congress intended that plaintiffs should bear the burden of defendants' attorneys' fees in circumstances in which the complaint does not violate Rule 11. *See, e.g., Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir.1986), *cert. denied sub nom. County of Suffolk v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

Essentially, defendant contends that a lesser degree of meritlessness is required under section 1988 to justify the assessment against the plaintiff of a prevailing

defendant's attorneys' fees. However, as the Supreme Court stated in *Christiansburg*, " 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case ..." 434 U.S. at 421, 98 S.Ct. at 700. *See also Hughes v. Rowe*, 449 U.S. at 14, 101 S.Ct. at 178.

█ Unlike Rule 11 which is mandatory, section 1988 provides that "the court, *in its discretion*, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (emphasis added). Neither the legislative history nor the case law requires a district judge to assess attorneys' fees against the plaintiff in a case in which Rule 11 has not been violated. In any event, I find that plaintiff's claims in this case were not "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. at 14, 101 S.Ct. at 178, *quoting Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700. Accordingly, defendant's application under section 1988 is denied.

SO ORDERED.