**Rachel BONDS, Plaintiff,**

**v.**

**FORT RUCKER NATIONAL BANK, Stephen M. Prielozny and James O. Townsend, individually and/or as agents, servants and/or employees of Fort Rucker National Bank, Defendants.**

**Civ. A. No. 90–H–339–S.**

United States District Court,
M.D. Alabama, S.D.

Feb. 5, 1991.

---

Lisa A. Marsh, and Linda S. Perry, Mobile, Ala., for plaintiff.

Fisher & Phillips, Griffin B. Bell, Jr., Atlanta, Ga., for defendants.

## ORDER

HOBBS, District Judge.

Rachel Bonds filed this action seeking to rescind a release of her right to sue defendants. Ms. Bonds was summarily dismissed as an officer of Fort Rucker National Bank after fifteen years of service. She sought to proceed with a claim that her termination constituted age and gender discrimination, but a release prevented her from maintaining the action. Plaintiff alleged she was not told and did not understand the consequences of signing a one-page document entitled, "Severance Agreement and Release of Claims".

This court found that plaintiff should have read the release before signing it. Even if she failed to do so, the court found no excuse for plaintiff's failure to timely object to the release once she discovered its contents.

■ For the reasons stated in its opinion, this court found defendants were entitled to summary judgment. However, the court declines to find plaintiff's action "frivolous," which would warrant sanctions under the Federal Rule of Civil Procedure 11. Nor does the Court conclude that plaintiff's action was "frivolous, unreasonable or without foundation," warranting an award of attorney fees under § 706(k) of Title VII. *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421–422, 98 S.Ct. 694, 700–701, 54 L.Ed.2d 648 (1978).

Moreover, the court notes that defendants are claiming $71,000.00 as reasonable attorney fees in a case which they deem frivolous and which was resolved, without a trial, by the grant of summary judgment. The court can only wonder what defendants would regard as reasonable attorney fees in a non-frivolous claim that actually went to trial. Although the court has declined to treat plaintiff's claim as frivolous, it clearly was a simple, uncomplicated case. If reasonable fees in this case for one set of attorneys is $71,000.00, it behooves all of us, in the public interest, to seek with renewed vigor alternative methods of dispute resolution.

■ ACCORDINGLY, the *Defendants' Motion for Attorneys Fees and Costs* is DENIED.[1] Likewise, plaintiff's *Motion to Strike Defendants' Motion for Attorneys Fees and Costs* is DENIED AS MOOT.

---

1. Although defendants' motion is styled, "Defendants' Motion for Attorneys Fees *and Costs*," it contains no allegation regarding costs, as distinguished from attorney fees. Although defendants have amply documented their attorney fees, defendants did not file a bill of costs nor did they attach an affidavit verifying the costs, as required by 28 U.S.C. §§ 1920 and 1924. The local rules of this court state: "Failure to file ... a costs bill as required by [28 U.S.C. §§ 1920 and 1924], within *fifteen* days after entry of judgment, will be deemed a waiver." *Local Rules of the United States District Court, Middle District of Alabama*, Rule 19 (emphasis in original). The court notes that defendants would have been entitled to costs, if they had complied with the rules. However, defendants' failure to file a cost bill is deemed a waiver.