991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Milton WILKES, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
 Nos. 91-3952, 92-3686.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1993.
 
 Before NELSON and BATCHELDER, Circuit Judges; CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Milton Wilkes appeals the judgment for defendant State Farm Mutual Automobile Insurance Company (State Farm) in his Title VII suit, following a bench trial before the magistrate judge. In addition, he appeals the magistrate judge's denial of his motion for relief from judgment. We affirm the district court for the reasons set out below.
 
 I.
 
 2
 Plaintiff Milton Wilkes filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), claiming that State Farm had failed to promote him to the position of agency manager on account of his race. State Farm and Wilkes entered into a Negotiated Settlement Agreement requiring State Farm to undertake certain measures designed to ensure that Wilkes was considered for subsequent agency manager positions. When Wilkes still did not receive a promotion to such a position, he filed a charge of retaliation with the Ohio Civil Rights Commission, and on May 21, 1990, he received a notice of right to sue from the EEOC. Wilkes then filed a complaint in district court, alleging a deprivation of his rights under Title VII, 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and Ohio law. All of the claims except the Title VII action were disposed of prior to trial, and the parties consented to a trial before a magistrate judge under 28 U.S.C. § 636(c). On August 26, 1991, the magistrate found for defendant, holding that Wilkes had made out a prima facie case of discrimination, but that State Farm had articulated legitimate non-retaliatory reasons for its employment decisions. Wilkes timely appealed.
 
 
 3
 After filing this appeal, Wilkes filed a motion for new trial under Fed.R.Civ.P. 60(b), alleging that he had obtained newly discovered evidence and that State Farm had failed to produce this evidence in pre-trial discovery pursuant to a Request for Production. This evidence included several documents concerning an embezzlement from State Farm by a former senior claims adjuster. Wilkes contended that these documents impacted the size of the cumulative losses shown on his agent's resume, and resulted in his having an inaccurate profitability rating. Wilkes maintained that because State Farm used this profitability rating as one of the reasons for its failure to promote him, this evidence entitled him to a new trial. Wilkes also requested that sanctions be imposed against State Farm under Rule 11 and Rule 37 for failure to disclose the evidence during discovery. On June 15, 1992, Magistrate Judge Merz denied the plaintiff's request for relief from judgment and for sanctions, and Wilkes appealed this decision as well. The two appeals have been consolidated for this panel to decide.
 
 II.
 
 4
 In his first appeal, plaintiff Wilkes argues that the magistrate judge erred in granting judgment to defendant State Farm when there was evidence that the reasons given for not hiring Wilkes as agency manager were pretextual and retaliatory. After a careful review of the record on appeal, we find no error in the magistrate judge's findings that defendant stated legitimate non-retaliatory reasons for its employment decisions regarding Wilkes, and that Wilkes had not sustained his burden of demonstrating that those reasons were pretextual. We further find no error in the magistrate judge's holding that the criteria, both subjective and objective, used by the defendant in making those decisions, were neither discriminatory nor retaliatory.[1] Accordingly, for the reasons stated in the magistrate judge's opinion, the judgment for defendant State Farm on the Title VII claim is affirmed.
 
 III.
 
 5
 In his second appeal, Wilkes claims that he is entitled to a new trial because of newly discovered evidence showing that a former claims adjuster, Elouise Stallworth, had embezzled money from State Farm, and this embezzlement affected Wilkes's profitability figures. We find that the magistrate judge did not err in denying the motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) & (b)(3).
 
 
 6
 A denial of a Rule 60(b) motion is reviewed for an abuse of discretion. Davis by Davis v. Jellico Comm. Hosp., Inc., 912 F.2d 129, 133 (6th Cir.1990). We first find that the trial court did not abuse its discretion in refusing to set aside the judgment under Fed.R.Civ.P. 60(b)(3) because of "fraud ..., misrepresentation, or other misconduct" by State Farm. A new trial cannot be premised on State Farm's failure to turn over the Stallworth documents in discovery because Wilkes's Request for Production clearly did not encompass these documents. The request asked only for documents referring or relating to the business relationship between State Farm and Wilkes. The Stallworth documents do not refer to Wilkes in any way and can be traced to Wilkes only by looking up claim numbers and issuing agents' numbers. In addition, Wilkes's argument that State Farm was lax in investigating the Stallworth embezzlement in order to retaliate against him is wholly without merit. The record contains no evidence whatsoever that the investigation of the Stallworth embezzlement was lax, that State Farm officials put Wilkes on the Profit Bound Program knowing that the embezzlement made his profitability figures look worse than they actually were, or that the Stallworth investigation was related in any way to an attempt to retaliate against Wilkes.
 
 
 7
 Neither may the judgment be set aside under Rule 60(b)(2), which permits relief from judgment for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). To obtain relief from a final judgment under this subsection, Wilkes must show, among other things, that the new evidence is material and is likely to change the outcome. United States v. McGaughey, 977 F.2d 1067, 1075 (7th Cir.1992), petition for cert. filed, March 1, 1993. Cf. Federal Deposit Ins. Corp. v. La Rambla Shopping Center, 791 F.2d 215, 223-24 (1st Cir.1986) (memo not helpful to defendant). Wilkes has not shown that the evidence would materially change the outcome because even if the embezzlement had a negative impact on Wilkes's profitability figures, Wilkes has only shown that State Farm may have based its promotion decisions on erroneous or deflated profitability figures, not that State Farm made those decisions because of any retaliatory intent. Gutzwiller v. Fenik, 860 F.2d 1317, 1322 (6th Cir.1988) (plaintiff must show decision was to retaliate). Finally, the trial record contains both objective evidence unaffected by the Stallworth embezzlement[2] and, as noted above, other subjective evidence that constituted legitimate non-discriminatory reasons for the discharge. Thus, the Stallworth evidence is not material to the outcome because it does not demonstrate discriminatory or retaliatory intent, it does not evidence pretext, and there is ample other evidence indicating that the employment decisions were neither retaliatory nor discriminatory. Therefore, we hold that the magistrate judge did not abuse his discretion in denying the motion for relief from judgment.
 
 IV.
 
 8
 Defendant State Farm asks us to tax against plaintiff Wilkes attorney's fees and costs for this appeal. We decline to do so.
 
 
 9
 Attorney's fees should rarely be awarded to defendants in discrimination cases. Smith v. Smythe-Cramer Co., 754 F.2d 180, 183-84 (6th Cir.1985), cert. denied, 473 U.S. 906, 105 S.Ct. 3530 (1985). However, Federal Rule of Appellate Procedure 38 provides, "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Fed.R.App.P. 38. In addition, 28 U.S.C. § 1912 states, "Where a judgment is affirmed by the Supreme Court or a court of appeals, a court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." 28 U.S.C. § 1912. This Court has held that a panel may award attorney's fees "if we find that the appeal was frivolous, unreasonable or without foundation." Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978)). An appeal is frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." Vic Wertz Dist. Co. v. Teamsters Local 1038, 898 F.2d 1136, 1143 (6th Cir.1990) (quoting Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985)). An appeal is unreasonable if "no reasonable person would have thought he could succeed on appeal." Wrenn, 808 F.2d at 505. An appeal is unfounded if "the appeal had no foundation in law upon which the appeal could be brought." Id.
 
 
 10
 Here, Wilkes's initial appeal of the district court's judgment is not frivolous because, although ultimately not meritorious, it was not obviously without merit or prosecuted only to delay or harass. In addition, his arguments are not so tenuous that no reasonable person would have believed he could succeed, nor are they entirely lacking a foundation in law.
 
 
 11
 Although Wilkes's appeal from the denial of the Rule 60(b) motion is tenuous at best, in light of the high threshold for an award of attorney fees, we cannot say that Wilkes's arguments are "frivolous, unreasonable or without foundation." Wrenn v. Gould, 808 F.2d at 505. Therefore, defendant's request for attorney's fees and costs must be denied.
 
 V.
 
 12
 For the reasons outlined above, we AFFIRM the magistrate judge's judgment for State Farm and the denial of the motion for relief from judgment. We decline to award defendant State Farm attorney fees.
 
 
 
 [1]
 Wilkes claims, inter alia, that the interviews which he was given pursuant to the negotiated settlement of the initial EEOC charge were shams. We find no error in the district court's findings in regard to these interviews. We note that as to one of those interviews, i.e., the second interview with agency manager Little, that if this interview was a sham, it was not in retaliation for Wilkes's protected activity, but came as the result of Wilkes's statements about his preferences for agency directors
 
 
 [2]
 Wilkes's auto losses grew from $782,643 at the end of 1987 to $1,044,759 at the end of 1989, a $262,116 increase. During this same period, his fire losses increased $58,903, and his life insurance applications went down from 53 to 13. The Stallworth fraud did not affect the number of life insurance applications plaintiff wrote. Furthermore, while Stallworth was fired in June of 1988, $69,666 of the increase in Wilkes's auto losses arose during the period from the end of 1988 to the end of 1989