**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-31307
Summary Calendar

ROCHELLE J. FERRIN,

Plaintiff-Appellee,

versus

DELGADO COMMUNITY COLLEGE and its
Board of Trustees for State Colleges
and Universities; JAMES CAILLIER, in
his individual capacity; R.J. GARRITY,
in his individual capacity; HELEN P.
LANG, in her individual capacity;
LEROY L. KENDRICK, in his individual
capacity,

Defendants-Appellants.

Appeal from the United States District Court
For the Eastern District of Louisiana
(93-CV-2571-K)

May 22, 1996

Before POLITZ, Chief Judge, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The prevailing defendants in an employment discrimination case appeal the denial of

costs and attorney's fees under 42 U.S.C. § 1988.  For the reasons assigned we affirm.

Rochelle J. Ferrin sued Delgado Community College, a state institution, and a number

of individual defendants, asserting employment discrimination claims under Title VII,

42 U.S.C. § 1983, and La. R.S. 23:1006.  During the extended period between filing and trial

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

no dispositive motion was filed by any defendant. At trial, the magistrate judge, before whom the case was tried by consent under 28 U.S.C. § 636(c), granted a Rule 50 motion at the close of the plaintiff's case-in-chief and dismissed all claims against the individual defendants. The remaining claims were submitted to the jury, which found in favor of the defendants.

The defendants thereafter moved for costs and attorney's fees. The magistrate judge denied this motion, observing that the defendants had filed no dispositive pretrial motions and that even after the plaintiff had testified the defendants continued extending settlement proposals totaling nearly twice the amount of attorney's fees now sought. Defendants timely appealed.

Costs and attorney's fees may be awarded to prevailing defendants under 42 U.S.C. § 1988 only when the plaintiff's underlying claim is frivolous, unreasonable, or groundless.[1] This circuit has underscored the following inquiries as relevant to the decision whether a claim is frivolous: (1) did the plaintiff establish a *prima facie* case; (2) did the defendant offer to settle; and (3) did the district court dismiss the case or was there a full-blown trial?[2] We review the magistrate judge's denial of costs and attorney's fees for an abuse of discretion.[3]

In this case the defendants filed no dispositive motions *in limine*; a trial on the merits was required. The defendants offered to settle the case, for a significant amount, well into the trial. Finally, while a number of the plaintiff's claims were dismissed after the close of

---

[1]**United States v. State of Mississippi**, 921 F.2d 604 (5th Cir. 1991), citing **Christiansburg Garment Co. v. EEOC**, 434 U.S. 412 (1978).

[2]**Id.**

[3]**Vaughner v. Pulito**, 804 F.2d 873 (5th Cir. 1986).

her case-in-chief, those claims which remained were deemed to be viable jury issues. These facts do not support the proposition that the claims were frivolous, unreasonable, or groundless. We find no abuse of discretion in the challenged ruling.

The defendants ask that we reconsider the standard governing the award of attorney's fees to prevailing defendants under 42 U.S.C. § 1988. Specifically, the defendants contend that the Supreme Court's reading of the statute in **Hughes v. Rowe**[4] and **Christiansburg Garment Co. v. EEOC**[5] was "simply wrong," that those cases are no longer good law in light of subsequent Supreme Court expositions on statutory construction, and, in any case, the rule stated in those cases is violative of due process. We perforce decline the defendants' invitation. The Supreme Court and Congress are the only proper fora for those submissions.

AFFIRMED.

---

[4] 449 U.S. 5 (1980).

[5] 434 U.S. 412 (1978).