**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SONJA L. MITCHELL,
Plaintiff-Appellant,

v.                                                            No. 98-1738

AT&T CORPORATION,
Defendant-Appellee.

SONJA L. MITCHELL,
Plaintiff-Appellee,

v.                                                            No. 98-1822

AT&T CORPORATION,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge;
James C. Cacheris, Senior District Judge.
(CA-96-142-A)

Submitted: May 25, 1999

Decided: June 22, 1999

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

No. 98-1738 reversed and No. 98-1822 affirmed by unpublished per
curiam opinion.

_____

**COUNSEL**

John William Karr, Washington, D.C., for Appellant. Stephen William Robinson, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these appeals, the parties challenge the district court's rulings on requests for attorneys' fees and costs under three different statutes. In Mitchell v. AT&T Corp., No. 96-2223, No. 97-1071 (4th Cir. Dec. 16, 1997) (unpublished), this court affirmed the entry of summary judgment against Mitchell in her action against AT&T Corporation (AT&T), her former employer, under the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213 (West 1995). We affirmed as well the district court's entry of sanctions against Mitchell's counsel, John Karr, under Fed. R. Civ. P. 11, and remanded for further consideration of AT&T's request for costs and attorneys' fees under 28 U.S.C. § 1927 (1994); 42 U.S.C.A. § 1988(b) (West Supp. 1998); and 42 U.S.C.A. § 2000e-5(k) (West Supp. 1998).

On remand, the district judge who initially had handled the case recused himself. The new district judge reviewed the record and found that, once AT&T advised Karr of Fourth Circuit caselaw which eliminated the possibility of establishing a prima facie case, Karr's actions in persisting in the litigation made him personally liable for any fees and costs from that date to the date that AT&T filed its motion for summary judgment--$9985.83 over seventeen days. Both sides appeal.

This court has held that a finding of bad faith is a necessary precondition to imposition of fees on an attorney under § 1927. Brubaker

2

v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991); see Chaudry v. Gallerizzo, ___ F.3d ___ (4th Cir. Apr. 5, 1999) (No. 98-1024), slip op. at 21 n.14. The holding by the original district judge that neither Mitchell nor Karr acted in bad faith, which was affirmed by this court on appeal, constitutes the law of the case and binds the second district judge. United States v. Aramony , 166 F.3d 655, 661 (4th Cir.), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Apr. 27, 1999) (Nos. 97-4363, 97-4540). Therefore, the award of costs and fees against Karr under § 1927 is an abuse of discretion which we now reverse. As attorneys are not personally liable for costs and fees under 42 U.S.C. § 1988 or 42 U.S.C. § 2000e-5(k), the award cannot be sustained under those statutes. See Roadway Exp., Inc. v. Piper, 447 U.S. 752, 761 & n.9 (1980).

Attorneys' fees may be awarded to prevailing defendants under § 1988(b) and § 2000e-5(k) where the action is unreasonable, frivolous, or without foundation, although not brought in subjective bad faith. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). In order to make such an award to defendants, the district court must find that the claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. at 422. There is no requirement that plaintiff have acted in bad faith. Id. This court reviews the district court's ruling for abuse of discretion. Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 631 (4th Cir. 1999).

The district court in this case exercised its discretion in denying fees to AT&T under either § 1988(b) or § 2000e-5(k). We cannot say that this holding constitutes an abuse of discretion. Therefore, we affirm the district court's ruling in this regard.

Accordingly, we reverse the district court's decision granting costs and attorneys' fees against counsel under § 1927. We affirm the district court's denial of costs and attorneys' fees against Mitchell under § 1988(b) and § 2000e-5(k). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-1738 -- REVERSED
No. 98-1822 -- AFFIRMED

3