BRIGHT, Circuit Judge, concurring in part and dissenting in part.
This case demonstrates that in some cases the problems in discovery produce endless confusion and litigation without contributing one bit to the resolution of the case. It seems to me in reviewing this voluminous record relating to discovery disputes that defendants asked for too much and plaintiffs gave too little. The defendants’ requests were very burdensome, perhaps excessive.
In the days before complete discovery became the way to try a lawsuit, a court, after a reasonable time, would set the case for trial and plaintiffs would be required to put up or shut up. That is not the situation in today’s litigation world.
*641 Here, essentially the defendants got the relief which they desired. By inundating plaintiffs with massive discovery requests, which were not met, the court granted a dismissal. I agree with that disposition, but I would not add a bonus to the defendants’ successful lawsuit by awarding them attorney fees as well. As I see it, the claims were not completely groundless at the outset of the action.
Under section 1988, a prevailing defendant should recover attorney fees only upon a finding by the district court that the action was frivolous, unreasonable, or ■without foundation, even though not brought in subjective bad faith. Wolfe v. Perry, 412 F.3d 707 (6th Cir.2005). This standard was not met here.
The district court awarded attorney fees under 42 U.S.C. § 1988 for two reasons. First, the court said that “the unreasonableness of the plaintiff [in repeatedly delaying and not fully responding to discovery] is circumstantial evidence ... of the reasonableness of the case, the groundless[ness] of the case, and the frivolity of the case.”
The court was disturbed by the notion that the plaintiffs were not providing information during discovery because they were saving it for trial, and stated that the plaintiffs “never put themselves in a position where this Court could conclude anything other than their case was unreasonable or without merit because they didn’t provide the information that would have at least established to some extent some basis for the lawsuit.” Second, the district court said that the plaintiffs’ behavior “would lead one to the conclusion that perhaps they were here for other reasons than the case itself.”
The court thought that the plaintiffs’ unreasonable failure to respond to discovery showed that the case was itself unreasonable. In doing so, it appears to have been engaging in the kind of “hindsight logic” that is discouraged in the context of section 1988. As the United States Supreme Court has noted, this kind of reasoning is discouraged precisely because “[d]ecisive facts may not emerge until discovery or trial____ Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.”[6] Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). By dismissing the case before completing discovery, the district court did not give the plaintiffs the opportunity to show whether they had a reasonable ground for bringing suit. While the plaintiffs’ repeated failure to comply with discovery orders may have been an appropriate basis on which to dismiss the case, it is not enough to award attorney fees under section 1988 because the court simply did not have enough information to determine whether the case was “frivolous, unreasonable, or without foundation”. See Wolfe v. Perry, 412 F.3d 707 (6th Cir.2005).
The court’s second reason for awarding fees was that the plaintiffs’ unreasonable behavior may have been an indicator that “they were here for other reasons than the case itself.” If it is true that the plaintiffs never had any legitimate basis for bringing suit, and did so simply to be contentious or cause problems for the defendants, this would be an entirely appropriate basis for awarding attorney fees under section 1988. However, as the court noted, it based its *642 statement on little more than circumstantial evidence, and the mere failure to respond to discovery is not enough of an indicator to warrant the “extreme sanction” of an attorney fee award under section 1988. See Riddle v. Egensperger, 266 F.3d 542, 552-53 (6th Cir.2001) (“A court must be sensitive that an award of attorney’s fees against a losing plaintiff in a civil rights action is an extreme sanction. ...”).
Accordingly, I join in the dismissal of plaintiffs’ case, but would reject as unfounded, the award of attorney fees.

. Although the Supreme Court in Christians-burg was discussing the attorney fee provision in Title VII, not section 1988, “Congress intended that the standards for awarding fees under section 1988 should be the same as those under Title VII....” Smith v. Smythe-Cramer Co., 754 F.2d 180, 183 (6th Cir.1985).