815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert KONDRAT, Plaintiff-Appellant,
v.
Barry M. BYRON, Melvin G. Schafer and George Kraincic,
Defendants-Appellants.
 No. 85-3530.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Robert J. Kondrat appeals pro se from the district court's order awarding the defendants in this action $3,602.40 in attorney's fees. We affirm.
 
 
 2
 Kondrat, a resident of Willoughby Hills, Ohio, filed suit on July 21, 1983, against Barry M. Byron, Melvin G. Schafer, and George Kraincic, three city officials, alleging that they had failed to enforce certain zoning ordinances, thereby causing his property to be devalued. Kondrat sought $300,000 in damages for violation of his due process and equal protection rights. He also raised pendent state law claims. On July 9, 1984, the district court dismissed Kondrat's suit. The order was affirmed by this court on April 17, 1985.
 
 
 3
 On July 19, 1984, the defendants filed a motion for an award of attorney's fees pursuant to 42 U.S.C. Sec. 1988 (1982). Shortly thereafter, Kondrat counterclaimed for attorney's fees. The district court stayed consideration of these motions pending this court's resolution of Kondrat's appeal. On July 25, 1985, following this court's affirmance of the order dismissing Kondrat's claim, Judge Aldrich issued an order awarding the defendants $3,602.40 in attorney's fees. Kondrat now appeals this order, asserting that the defendants are not entitled to attorney's fees.
 
 
 4
 The general rule in the United States is that in the absence of legislation to the contrary, litigants must pay their own attorney's fees. See Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 245 (1975). Thus, a prevailing litigant ordinarily is not entitled to recover attorney's fees from his adversary. Id. at 247. However, courts do have the inherent power to allow attorney's fees to a prevailing party in certain situations, unless prevented from doing so by Congress. Id. at 258-59. One such situation is where the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 129 (1974) (citing Vaughan v. Atkinson, 369 U.S. 527 (1962)). See also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) ("a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.")
 
 
 5
 In the instant case, the district court awarded attorney's fees to the defendants after finding that Kondrat's action was frivolous. This finding is amply supported by the record. This suit marked the third time that Kondrat had brought suit on this subject matter. On every occasion, the defendants prevailed. Although we do realize that Kondrat has been acting pro se and "attorney's fees should rarely be awarded against such plaintiffs," Hughes v. Rowe, 449 U.S. 5, 15 (1980), there comes a point when even the uncounselled plaintiff who persistently brings frivolous and meritless suits must be held accountable. Kondrat has reached this point.
 
 
 6
 Therefore, the judgment of the district court is AFFIRMED.