19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter E. PILDITCH, Plaintiff-Appellee,
v.
Fitz BARCLAY, Jr., Marty Gool, Esther Morgan-Watts, et al.,
Defendants-Appellants.
 No. 93-3630.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 15, 1994.
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Walter E. Pilditch ("Pilditch"), a white principal in the Chicago school system, brought a reverse discrimination suit under 42 U.S.C. Secs. 2000e-2(a)(1), 1981, and 1983 against the Chicago Board of Education and five of the ten elected members of the local school council of Morgan Park High School, alleging that the only reason he was fired from his position at the high school was his race. An advisory jury rendered a verdict in his favor against four of the individual defendants, the district court having dismissed the Board of Education from the suit as a matter of law, and the judge for the most part adopted the jury's findings and awarded Pilditch substantial damages. We reversed, holding that while plaintiff had made a prima facie case of reverse discrimination under the McDonnell Douglas burden shifting framework, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805, he had not sustained his ultimate burden of proof that he was fired because he is white. Pilditch v. Board of Education of the City of Chicago, 3 F.3d 1113 (7th Cir.1993), certiorari denied, 1994 WL 558289, 62 USLW 3454 (Feb. 22, 1994). The defendants at various times moved the district court to recover their attorneys' fees under 42 U.S.C. Sec. 1988, and the district court denied the motions. Defendants now appeal.
 
 
 2
 42 U.S.C. Sec. 1988 allows "the prevailing party, other than the United States," to recover, in the court's discretion, reasonable attorneys' fees in cases brought pursuant to the statutes enumerated above. The Supreme Court has made clear that the criteria for awarding attorneys' fees to a prevailing defendant under Sec. 1988 differ from those for awarding attorneys' fees to a prevailing plaintiff: While the prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust, the prevailing defendant may recover such fees only if the action was brought in subjective bad faith or was frivolous, unreasonable, or without foundation. Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 417, 421, 422. See also Fogerty v. Fantasy, Inc., 1994 WL 57023, * 3 (Mar. 1, 1994). In this case the defendants have made no suggestion that Pilditch's action was brought in subjective bad faith, and while they do argue that his action was frivolous, a brief glance at the record indicates that the issues discussed by defendants as evidence supporting this contention--most of them involving not the merits of his claim but rather certain points of civil procedure--were raised below and hotly contested, and that the district court ruled in Pilditch's favor on the issues. See, e.g., R. 26, 27, 28, 31, 50, 53, 59, 63, 64, 71. This indicates at the very least that there was enough legal support for Pilditch's position on these issues that they may not be adduced as evidence that his suit was frivolous.
 
 
 3
 In this case, not only did Pilditch's suit survive the procedural challenges alluded to above, but it also survived several motions for judgment as a matter of law and eventually resulted in a favorable verdict and judgment below. Additionally, while we reversed that judgment, we explicitly held that Pilditch had made a prima facie showing of discrimination. Pilditch, 3 F.2d at 1116. Under these circumstances there is absolutely no support for defendants' claim to attorneys' fees. Cf. Unity Ventures v. County of Lake, 894 F.2d 250, 255 (7th Cir.1990). For the foregoing reasons the decision of the district court not to award attorneys' fees to appellants was not an abuse of discretion and is accordingly affirmed. Appellants will bear the costs of this appeal. Fed.R.App.P. 39.