Marcia WELCH, individually and on behalf of all others, similarly situated, Plaintiffs,

v.

BOARD OF DIRECTORS OF WILD-WOOD GOLF CLUB and Board of Directors of Stone Lodge, Inc., individually and in their official capacities, Defendants.

Civ. A. No. 90–1154.

United States District Court, W.D. Pennsylvania.

Aug. 10, 1995.

Bruce Bagin, Pittsburgh, PA, J.W. Hernandez–Cuebas, Delmar, NY, for plaintiffs.

Laura A. Candris, Pittsburgh, PA, Richard F. Rinaldo, Pittsburgh, PA, John J. McLean, Jr., Buchanan Ingersoll, P.C., Pittsburgh, PA, for defendants.

## MEMORANDUM OPINION AND ORDER

LEE, District Judge.

**AND NOW** this 10th day of August, 1995, the Defendants having filed a motion for attorneys' fees (Document No. 330), the Plaintiffs having filed an objection to the motion for attorneys' fees (Document No. 351), and the Defendants having filed a reply to Plaintiffs' response (Document No. 358),

It is the Court's finding that the appointment of a Special Master will best promote the mandate of Federal Rule of Civil Procedure 1 "to secure the just, speedy, and inexpensive determination of every action." Therefore, pursuant to Federal Rules of Civil Procedure 53 and 54(d)(2)(D), and the inherent authority of this Court to supervise and administer pending cases, the Court hereby appoints John J. McLean, Jr., Esquire, Buchanan Ingersoll, Professional Corporation, 5800 USX Tower, 600 Grant Street, Pittsburgh, PA 15219, as Special Master.

Pursuant to Federal Rule of Civil Procedure 53, the Court shall fix the compensation to be allowed to the Special Master and shall direct the sum to be paid by a party or the parties as deemed appropriate.

The appointment shall become final, unless objections are filed by any party on or before **August 31, 1995.**

## PRELIMINARY FINDINGS OF FACT AND CONCLUSIONS OF LAW

In connection with said referral, the Court makes the following preliminary Findings of Fact that Defendants, Board of Directors of Wildwood Golf Club and Board of Directors of Stone Lodge, Inc., individually and in their official capacities, are prevailing defendants who are entitled to attorneys' fees pursuant to *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

### PRELIMINARY FINDINGS OF FACT

1. Plaintiff Marcia Welch, individually and on behalf of others similarly situated, filed this action on July 11, 1990, seeking declaratory and injunctive relief and dam-

ages pursuant to 42 U.S.C. §§ 1983, 1985(3), and the Pennsylvania Human Relations Act, 43 Pa.Stat.Ann. § 951, *et seq.* ("PHRA").[1] The class was comprised of women members of Wildwood Golf Club and women spouses of Club members who had Club privileges during the period from July 11, 1988 to July 11, 1990. In their § 1983 claim, Plaintiffs contended that Defendants violated their constitutional rights, namely their rights to be free from sexual discrimination, to travel freely, to contract and to conduct business. Nominal plaintiff Marcia Welch ("Welch") also alleged that her right to effect a marital dissolution and equitable distribution of marital property by order of state court was also violated.

Plaintiffs' § 1985(3) claim asserted that Defendants conspired to engage in the gender discriminatory conduct that the § 1983 claim was based on. *Amended Complaint,* ¶ 2. Welch also brought a pendent state law claim, alleging tortious interference with her business relations and with prospective contractual relations. *Amended Complaint,* ¶ 5.

2. By Memorandum Opinion and Order dated February 16, 1995, the Court granted summary judgment in favor of defendants on the claims for violations of §§ 1983 and 1985(3) and remanded plaintiff Welch's state law claim.

3. The Court found that the record was devoid of any evidence that any Defendant was required or encouraged by the Commonwealth of Pennsylvania to deprive Plaintiffs of any rights, privileges, or immunities secured by the Constitution. Accordingly, the Court dismissed Plaintiffs' claims brought under § 1983 as they failed to establish that Defendants acted under color of state law.

4. Plaintiffs' arguments that Defendants violated § 1983 were frivolous, unreasonable or without foundation.

5. As to Plaintiffs' claims under 42 U.S.C. § 1985, the Court found that of the purported violations, only the right to travel has been recognized, and then in limited contexts, as a right protected against private interference. The Court found that Plaintiffs had failed to identify any competent evidence in the record that Defendants' actions interfered with Plaintiffs' right to interstate travel. On the contrary, the record clearly and convincingly established that Defendants had not impaired Plaintiffs' right of interstate travel.

6. Furthermore, Plaintiffs failed to identify any competent evidence in the record supporting Plaintiffs' claims that Defendants' actions constituted a conspiracy in violation of § 1985(3).

7. Plaintiffs' arguments that Defendants violated § 1985(3) were frivolous.

### PRELIMINARY CONCLUSIONS OF LAW

1. Pursuant to the judgment in this action entered on February 16, 1995, Defendants are the prevailing parties in this action within the meaning of 42 U.S.C.A. § 1988.

2. Section 1988 provides in relevant part that "[i]n any action or proceedings to enforce a provision of section ... 1983, 1985 ... of this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988 (West 1994).

3. The standard used to determine whether a request for attorneys' fees by a prevailing defendant should be approved is stated in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978): "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, and without foundation, even though not brought in subjective bad faith."

■ 4. The Title VII standard enunciated in *Christiansburg* has been adopted by the Court of Appeals for the Third Circuit for awards of attorney's fees to prevailing defendants under § 1988: "a district court may, in its discretion award attorney's fees to a prevailing defendant upon finding that the plain-

---

**1.** In December, 1993, the parties jointly stipulated to dismiss, with prejudice, Plaintiffs' claims brought under the PHRA.

tiff's action 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Hughes v. Repko,* 578 F.2d 483, 489 (3d Cir.1978) (citing *Christiansburg,* 434 U.S. at 422, 98 S.Ct. at 701).

5. A prevailing defendant is entitled to attorney's fees upon a finding that the plaintiff's action was meritless, frivolous, unreasonable, or without foundation, even if it is not brought in subjective bad faith. *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 503 (3d Cir.), *cert. denied,* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991).

6. The reasonable hourly rate to be applied in a civil rights case is the prevailing market rate in the relevant community for similar work. *Blum v. Stenson,* 465 U.S. 886, 894, 104 S.Ct. 1541, 1546–47, 79 L.Ed.2d 891 (1984).

7. Absent extraordinary circumstances, the "reasonable value of any attorney's time is the price that time normally commands in the marketplace, which is generally reflected in the attorney's normal billing rate." *Student Pub. Interest Research Group of New Jersey, Inc. v. AT & T Bell Lab.,* 842 F.2d 1436, 1445 (3d Cir.1988).

8. Fees for paralegals and clerks are properly recoverable under the Civil Rights Attorney's Fees Award Act of 1978, codified at 42 U.S.C. § 1988. *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

9. It is proper to permit recovery of attorneys' fees for more than one attorney so long as there is no duplication of effort. *Keenan v. City of Philadelphia,* 1991 WL 40355, at *38 (E.D.Pa.1991), *aff'd in part, rev'd in part, and vacated in part,* 983 F.2d 459 (3d Cir.1992).

10. Fact that civil rights claims survive motions for dismissal does not mean that claims can not be ultimately viewed as frivolous for purposes of assessing counsel fees under 42 U.S.C. § 1988. *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993).

11. Counsel are properly compensated for time spent litigating a fee petition.

*Keenan v. City of Philadelphia,* 1991 WL 40355 (E.D.Pa.1991), *aff'd in part, rev'd in part, and vacated in part,* 983 F.2d 459 (3d Cir.1992).

12. Attorneys may be compensated at their current rates, rather than historical rates, in recognition of the delay in payment between when work was performed and fees paid. *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

13. Plaintiffs' claims brought under 42 U.S.C. §§ 1983 and 1985(3) were meritless, frivolous, unreasonable and without foundation.

### CONCLUSION

It is hereby ORDERED that Defendants are prevailing parties who are entitled to attorneys' fees pursuant to *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).