[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS
Pursuant to 42 U.S.C. § 1988, defendants as prevailing parties have filed an application for an award of attorneys' fees and costs.
In a civil rights action defendants may recover attorneys' fees if the court finds the cause of action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith, or that the plaintiffs continued to litigate after it clearly became so. Christiansburg Garment Co. v.E.E.O.C., 434 U.S. 412, 421, 422 (1978).
The complaint, paragraph 24 reads as follows:
"24. After the incident, a civilian complaint was lodge with the Defendant THOMAS O'LEARY of the Bridgeport Police Department. The Defendant O'LEARY and the other aforementioned officers including the Chief of Police, the Defendant, THOMAS SWEENEY, with gross indifference to the flagrant violation of rights which had occurred, ignored the civilian complaint, informed the Plaintiff that it could not be `accepted, ' failed to direct an investigation into the Plaintiff's complaint, failed to suspend, and/or discipline any of the Defendants involved and failed to take corrective action of any kind against the aforementioned Defendants."
The court finds that the cause of action as to Thomas O'Leary was, at best, frivolous.
There was no evidence introduced at trial, of any wrongdoing by Thomas O'Leary.
The court finds that the plaintiff shall pay the attorney's fees for the trial time of Attorney Frank Riccio, counsel for Thomas O'Leary, in the amount of $1,875.00. The hourly fee rate of $150.00 billed to the City of Bridgeport is fair and equitable.
Accordingly, The Motion For Costs and Attorneys Fees is granted and defendant, City of Bridgeport, may recover counsel fees CT Page 10544 in the amount of $1,875.00.
Dated at Bridgeport, this 8th day of September, 1995.
RICHARD J. TOBIN, JUDGE