Michael J. BAGGS and Judy S. Baggs, Plaintiffs,

v.

CITY OF SOUTH PASADENA, Defendant.

No. 94–492–CIV–T–17–C.

United States District Court, M.D. Florida, Tampa Division.

April 9, 1997.

---

Ruthann O'Brien O'Neill, Law Office of Ruthann O. O'Neill, St. Petersburg, FL, for Plaintiffs.

Alan S. Zimmet, Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, FL, for Defendant.

## ORDER ON DEFENDANT'S AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS

KOVACHEVICH, Chief Judge.

THIS CAUSE is before this court on Defendant's, City of South Pasadena, Amended Motion For Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988, Fed.R.Civ.P. 54(d), 28 U.S.C. § 1821, and 28 U.S.C. § 1920. (Docket No. 57). Plaintiffs' have filed a timely response. (Docket No. 60).

### FACTUAL BACKGROUND

On or about April 13, 1993, the Defendant issued a violation notice to the Plaintiffs that they were in violation of the City of South Pasadena's Flood Damage Prevention Ordinance 108–19D(2). The Plaintiffs received another violation notice on July 15, 1993 and were given notice to comply with the ordinance within thirty (30) days.

On September 21, 1993, the City's Code Enforcement Board held that the Plaintiffs were violating the ordinance and the board granted the Plaintiff ninety (90) days to comply with the ordinance. The Plaintiffs filed a suit in state court to appeal the order of the City's Code Enforcement Board. The complaint contained counts for injunction and declaratory relief pursuant to Florida Statute § 162.11. The Plaintiffs filed an application for a flood variance with the Defendant on October 1, 1993. The City Commission denied the Plaintiffs' variance request on January 25, 1994. The Plaintiffs then had their original action dismissed without prejudice and filed the present lawsuit in the Sixth Judicial Circuit. The Plaintiffs' complaint consisted of four (4) counts: (1) declaratory judgment, (2) injunction, (3) certiorari review of the denial of the variance, and (4) violation of 42 U.S.C. § 1983. The Defendant removed the case to this court on March 25, 1994. This Court then remanded to the state circuit court the petition for writ of certiorari.

On October 9, 1995, the Circuit Court in and for Pinellas County, Florida denied the petition for certiorari. The court also found that the Plaintiffs were afforded procedural due process and that the denial of the variance request complied with the essential requirements of law and was supported by competent substantial evidence.

On November 25, 1996, this Court granted Defendant's Motion for Summary Judgment as to the 42 U.S.C. § 1983 claim, dismissed Plaintiffs' procedural due process claim because the Court lacked subject matter jurisdiction,[1] and remanded to the state court the counts of (1) declaratory judgment and (2) injunction. Subsequently, Defendants filed the instant Amended Motion for Attorneys' Fees and Costs.

## ANALYSIS

### Prevailing Party

■ In its Amended Motion for Attorneys' Fees and Costs, Defendant claims that because it is the prevailing party that it is entitled to costs and fees. However, the Plaintiffs' filed a four (4) count complaint and for only one (1) of the counts, 42 U.S.C. § 1983, did the Defendant's prevail in this Court. Three (3) of the Plaintiffs' claims survived and were remanded to the state court. Further, the Defendant claims that the Plaintiffs' § 1983 claim was unreasonable, frivolous, and without foundation. Although the court granted summary judgment to the Defendant's on one claim, the Court did not in any way indicate in its order that the Plaintiffs' had engaged in frivolous litigation. In fact, just because a claimant does not prevail on an issue, does not mean that a district court can conclude that a claim was without foundation. *See generally Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *United States v. Real Property Located at*

*12921 Treeline Avenue,* 1994 WL 401615 (M.D.Fla.1994) (unreported decision).

Moreover, this Court dismissed Plaintiffs' procedural due process claim for lack of subject matter jurisdiction; however, it was the Defendant that removed the case to federal court from state court. This Court will not permit Defendant to supplement its argument for fees and costs based on a decision that it wrongfully contributed to by improperly removing the case to federal court.

### Frivolous Litigation

■ Defendant contends that because the Plaintiffs' engaged in frivolous litigation, it should recover fees and costs. Each case must be examined on a case-by case basis to determine if it is frivolous because no absolute dispositive rules exist. *See Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985).

· The Eleventh Circuit Court of Appeals has, however, suggested that the following factors should typically be considered in determining whether or not a case is frivolous: 1) whether or not the plaintiff established a prima facie case; 2) whether or not the defendant offered to settle; and 3) whether or not the trial court dismissed the case prior to trial or held a full-blown trial on the merits.

*See Desisto College, Inc. v. Town of Howey-in–the–Hills,* 718 F.Supp. 906, 915 (M.D.Fla. 1989) (citing *Sullivan,* 773 F.2d at 1189).

■ First, the Plaintiffs' complaint (Docket No. 2) is sufficient to set forth a *prima facie* case. "Even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *See Christiansburg Garment Co.,* 434 U.S. at 421–22, 98 S.Ct. at 700–01. Additionally, Defendant contends that because it prevailed on the

---

1. Curiously, the Defendant tries to rely on this Court's decision to remand to the state court as one factor to consider to show that the Plaintiffs' claim is frivolous and unreasonable because this Court would not consider the claim. This Court would point out that it was the Defendant who removed this case to federal court from state court where the Plaintiffs filed. Further, the Defendant stated, in its Memorandum of Law in Opposition to Plaintiffs' Motion to Sever and Remand Petition for Writ of Certiorari, (Docket No. 14), "[t]he district court has subject matter jurisdiction over the four count cause of action brought by the plaintiffs and properly removed to federal court by the defendants. . . ." This court did not find the remanded claims frivolous, nor has any court; rather, they were remanded based on jurisdiction.

Motion for Summary Judgment (Docket No. 52) based on the Plaintiffs not presenting ample evidence, that under *Desisto College,* the Plaintiffs' case was unreasonable. *See Desisto College,* 718 F.Supp. at 915 (reasoning that plaintiffs failure to present any evidence as to the two *main issues* in the case supports a finding of unreasonableness) (emphasis added). In this case, as Plaintiffs' point out in their Memorandum of Law in Opposition to Defendant's Motion for Attorneys' Fees (Docket No. 62), the main issue of this litigation is a declaration that the City cannot require the Baggs to retrofit their home. This issue has not yet been resolved and, therefore, it would be premature and clearly erroneous to declare the litigation frivolous or unreasonable when the main issues have yet to be resolved.

Second, this court may consider whether or not the defendant offered to settle the case. In the instant litigation, it was the Plaintiff, not the Defendant, who initiated settlement negotiations. in fact, the Plaintiffs offered to settle for fifty thousand dollars ($50,000.00) on March 15, 1994. The City counter-offered for ten thousand dollars ($10,000.00); and on March 22, 1994, the Plaintiffs rejected the counter-offer yet, in an attempt to resolve this matter and compromise, the Plaintiffs' communicated that they would agree to accept thirty thousand dollars ($30,000.00) in settlement. Again, the Defendant re-extended its offer of ten thousand dollars ($10,000.00), refusing to negotiate from its original offer.

Applying the second factor to the instant case, it was the Plaintiff who initiated settlement negotiations, was willing to compromise, and due to the non-negotiable stand of the Defendant, was forced to continue with the litigation process. Significantly, if the Defendant thought the claim was frivolous and unreasonable at the time, why would it offer any amount to settle? Presumably, the Defendant thought that the Plaintiffs' claim was worth something, ten thousand dollars ($10,000.00) at the least.

Finally, the third factor to consider is whether or not the trial court dismissed the case prior to trial or conducted a full-blown trial on the merits. In the instant case, only one claim, out of four, was disposed of by summary judgment. Two of the claims were viable enough to be remanded to state court to eventually be decided on the merits. Additionally, it was the defense that removed all four (4) counts to federal court, and to award attorneys' fees and costs when only one claim was disposed of, would prove to be a gross miscarriage of justice. Accordingly it is

**ORDERED** that Defendant's Amended Motion for Attorneys' Fees and Costs be **denied.**