**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOAN H. BRAITSCH,
Plaintiff-Appellee,

v.

EMC CORPORATION,
Defendant-Appellant,

and

No. 97-1467

THOMAS AARON; FRANK KEANEY,
Defendants.

EQUAL EMPLOYMENT ADVISORY
COUNCIL; CHAMBER OF COMMERCE;
NEW ENGLAND LEGAL FOUNDATION;
NATIONAL EMPLOYMENT LAWYERS
ASSOCIATION;
Amici Curiae.

Appeal from the United States District Court for the
Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-94-1693-A)

Argued: October 30, 1997

Decided: December 24, 1997

Before MICHAEL, Circuit Judge, BUTZNER, Senior Circuit Judge,
and BULLOCK, Chief United States District Judge for the Middle
District of North Carolina, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Whitney Adams, Washington, D.C., for Appellant. Richard Lee Swick, SWICK & SHAPIRO, P.C., Washington, D.C., for Appellee. **ON BRIEF:** C. Torrence Armstrong, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., McLean, Virginia, for Appellant. Ann Elizabeth Reesman, Corrie L. Fischel, MCGUINNESS & WILLIAMS, Washington, D.C., for Amicus Advisory Council; Stephen A. Bokat, Robin A. Conrad, NATIONAL CHAMBER LITIGATION CENTER, Washington, D.C., for Amicus Chamber of Commerce. Todd S. Brilliant, NEW ENGLAND LEGAL FOUNDATION, Boston, Massachusetts, for Amicus Curiae Foundation. John M. Bredehoft, CHARLSON & BREDEHOFT, P.C., Reston, Virginia, for Amicus Curiae Lawyers Association.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

EMC Corporation appeals the district court's denial of its petition for attorney's fees under 42 U.S.C. § 1988. We cannot determine the reasons for the district court's conclusions and therefore vacate the judgment and remand for amplification.

I

Joan H. Braitsch sued EMC Corporation claiming that EMC discriminated against her on the basis of gender, during the course of her employment and in her termination, violating Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e). EMC moved for summary judgment before trial. District Judge Leonie M. Brinkema denied the motion without prejudice reasoning that "because [Braitsch] ha[d] not been

2

afforded the opportunity to take discovery yet . . . it [was] premature to address the summary judgment issue."

During the subsequent trial, EMC moved for judgment as a matter of law at the conclusion of Braitsch's evidence. District Judge Claude M. Hilton granted this motion and dismissed the case.

Braitsch filed a notice of appeal, after which EMC filed a petition for attorney's fees in the district court. District Judge Hilton denied EMC's motion. This court affirmed the dismissal of Braitsch's case by unpublished per curiam opinion. EMC then filed a second petition for attorney's fees in the district court. Judge Hilton also denied that motion. From this second denial, EMC now appeals.

II

"[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Judge Hilton, denying EMC's first petition for attorney fees, wrote "[i]t appearing to this Court that Plaintiff's case survived Defendant's Motion for Summary Judgment and proceeded to trial, the Court finds that Plaintiff's case was not frivolous, unreasonable, or without foundation." Judge Hilton denied EMC's second petition for attorney's fees "for the reasons stated in [his prior] order."

EMC argues that Judge Hilton's conclusion that Braitsch's case was not frivolous was based solely on Judge Brinkema's earlier denial of summary judgment. According to EMC, Judge Brinkema's denial of summary judgment was based only on the observation that discovery was not complete, and this reason could not form a basis for the Christiansburg analysis. Braitsch argues that Judge Hilton independently found that her lawsuit was not frivolous.

It is not clear from the order whether Judge Hilton undertook an independent analysis of the case or relied on Judge Brinkema's earlier denial of summary judgment. We vacate the district court's judgment

3

and remand to Judge Hilton for amplification of his conclusion that the case was not frivolous, unreasonable, or without foundation.

VACATED AND REMANDED

4