139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fidelis I. OMEGBU, Plaintiff-Appellant,
v.
John YOUNT, et al., Defendants-Appellees.
 No. 97-1681.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 30, 1998*.
Decided Feb. 12, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 95-C-813.
 Before FLAUM, MANION, and EVANS, Circuit Judges.
 ORDER
 RANDA, J.
 
 
 1
 Fidelis Omegbu appeals the district court's order denying his motion for reconsideration, filed under Federal Rule of Civil Procedure 60(b)(6), and granting the defendants' motions for attorneys' fees. We affirm.
 
 
 2
 Omegbu, the sole shareholder of a construction company named Kasa Corporation, sued the defendants--each of whom is an individual or entity related to a municipal construction project--claiming that the defendants violated his civil rights by canceling Kasa's contract to work on the project because of his race. The defendants filed a motion to dismiss Omegbu's lawsuit on the ground that Omegbu, in his individual capacity, lacked standing to sue them for an alleged harm to Kasa. Although given the opportunity, Omegbu refused to join Kasa as a plaintiff, and the district court granted the defendants' motion to dismiss. (R. 121, Order of September 25, 1996.) Omegbu immediately filed a notice of appeal. (See No. 96-3424, filed on September 26, 1996).[1]
 
 
 3
 On November 1, 1996, Omegbu filed a motion for reconsideration in the district court arguing that he had standing to bring this lawsuit as a shareholder of Kasa and, alternatively, that the district court should "pierce the corporate veil" and allow him to sue on behalf of Kasa. In the November document, Omegbu also opposed a request for attorneys' fees filed by the defendants. The district court rejected both of Omegbu's arguments for reconsideration. The court also awarded a total of approximately $38,400 in attorneys' fees to the defendants after finding that the lawsuit was frivolous. On appeal, Omegbu restates his rather incredible vision of standing, and argues that the attorney fee award was inappropriate because his lawsuit was not frivolous.[2] Omegbu does not challenge the amount of the attorneys' fees awarded to the defendants.
 
 
 4
 Relief from judgment under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. Cincinnati Ins. Co. v. Flanders Elec. Motors Serv., Inc., No. 96-2778, slip op. at 5 (7th Cir. Dec. 4, 1997). We review the denial of a Rule 60(b) motion for an abuse of discretion. Id. at 4. "A decision constitutes an abuse of discretion when it is not just clearly incorrect, but downright unreasonable." Id. at 5 (quotation omitted). However, in reviewing the denial of Rule 60(b) relief, we will not reach the merits of the underlying judgment. Id. at 4.
 
 
 5
 The district court did not abuse its discretion in denying Omegbu relief under Rule 60(b). Omegbu offered no reason, much less an exceptional reason, justifying relief from final judgment. The only arguments presented to the district court (and to us) go to the merits of the standing decision; Omegbu simply argued, under different theories, that the district court was wrong. The district court reasonably decided that new theories of standing raised in a Rule 60(b) motion did not warrant extraordinary relief.
 
 
 6
 We also review a district court's decision to award attorneys' fees for an abuse of discretion. Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); Munson v. Milwaukee Bd. of Sch. Dir., 969 F.2d 266, 269 (7th Cir .1992). "When a civil rights suit is lacking in any legal or factual basis ..., an award of fees to the defendant is clearly appropriate to deter frivolous filings." Munson, 969 F.2d at 269 (quotation omitted). Here, the district court determined that Omegbu's lawsuit was frivolous because he did not have standing, and that Omegbu not only had notice of this deficiency by means of the defendants' motion to dismiss, but also had been warned by other judicial and agency officials prior to filing this lawsuit that he could not personally assert claims belonging to Kasa.
 
 
 7
 Omegbu's only argument against the fee award is that he was not warned that such a sanction was imminent. He relies on Coates v. Bechtel, 811 F.2d 1045 (7th Cir.1987), and Hermes v. Hein, 742 F.2d 350 (7th Cir.1984), for the proposition that, before imposing a fee award, the district court was obligated to warn him that sanctions could be applied for continuing a baseless lawsuit. Coates and Hermes, however, are easily distinguishable: both involved plaintiff's who adequately stated claims against the defendants but, once discovery began, discovered there was no factual support for their claims. Here, on the other hand, before Omegbu even filed his federal lawsuit, agency officials and a state court judge informed him that he did not have standing to assert claims belonging to Kasa. Thus, "based on the information available to [Omegbu] at the time [he] initiated [this] lawsuit, [he knew that the] claim was frivolous," and that he could not possibly succeed. Coates, 811 F.2d at 1051. Under these circumstances, the district court did not abuse its discretion by awarding attorneys' fees to the prevailing defendants.
 
 
 8
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We summarily affirmed the district court's judgment in Omegbu v. Mequon-Thiensville Sch. Dist., No. 96-3424 (7th Cir. Oct. 1, 1997) (unpublished order)
 
 
 [2]
 We do not address the other arguments presented in Omegbu's briefs because they are either patently frivolous, barred by the Order of December 31, 1997 (granting the defendants' motion to strike portions of Omegbu's brief), or both