**Russell DAVENPORT, Plaintiff,**

v.

**NASSAU COUNTY SHERIFF'S DEPARTMENT, Nassau County, Lieutenant Robert Mancuso and First Class Patrick Sabella, Defendants.**

**No. CV 95–3703(ADS).**

United States District Court,
E.D. New York.

Oct. 30, 1998.

Leeds & Morelli, Carle Place, NY, by Robert Valli, of counsel, for Plaintiff.

Snitow & Cunningham, New York City, by Paul Millus, of counsel, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

## I. BACKGROUND

On September 12, 1995, the plaintiff, Russell Davenport (the "plaintiff" or "Davenport") commenced an action by filing a complaint asserting four causes of action against the defendants, Nassau County Sheriff's Department (the "Sheriff's Department"), Nassau County (the "County"), Lieutenant Robert Mancuso ("Mancuso") and First Class Patrick Sabella ("Sabella") (collectively, the "defendants"). The Plaintiff's first and second causes of action alleged disparate treatment and harassment in violation of Title VII and N.Y. Human Rights Law § 296. The plaintiff's third cause of action invoked 42 U.S.C. § 1983 and alleged violations of the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. The plaintiff's fourth cause of action alleged a violation of 42 U.S.C. § 1985. The case proceeded to trial on December 29, 1997. The only issues at the trial were the plaintiff's claims of disparate treatment and harassment based on race in violation of Title VII and N.Y. Human Rights Law § 296, and a violation of due process under Section 1983. On January 5, 1998, following the close of all the evidence, the defendants moved the Court for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 ("Rule 50"). In a decision that outlined the facts set-forth at trial and the applicable law, the Court granted the defendants' motion and dismissed the plaintiff's complaint in its entirety.

Presently before the Court is the defendants' motion pursuant to 42 U.S.C. § 1988(b) for the awarding of attorneys' fees and costs on the basis that the plaintiff's claims were frivolous, unreasonable, or without foundation.

## II. DISCUSSION

### A. *42 U.S.C. § 1988(b)*

■ In the federal courts of the United States, and indeed in all the court in the United States, the general rule guiding the awarding of attorneys fees is that each party bears the responsibility of paying their own costs. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Alyeska Pipeline Service Co. v. Wilderness Soc'y.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The "American Rule," as it has become known, was based on the principle that awarding costs to the prevailing party would potentially stifle reasonable, well-founded law suits. However, Congress in response to the *Alyeska* decision created an exception to the "American Rule" when they enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b) which authorizes the district courts to award reasonable attorney's fees and costs to the prevailing party in civil rights litigation. Specifically, Section 1988(b) states, in pertinent part, that "the court, in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs ...."

While the United States Supreme Court has interpreted Section 1988(b) as a proper measure of relief for a prevailing party plaintiff, it has discouraged the awarding of reasonable attorney fees and costs where the prevailing party is the defendant. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam); *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The Supreme Court in *Christiansburg* articulated two policy reasons for this dichotomy. First, "the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress

considered of the highest priority." *Id.* at 418, 98 S.Ct. 694 (citation omitted). "Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." *Id.*

In *Hughes v. Rowe, supra,* the Supreme Court reiterated its decision to treat prevailing party defendants differently from prevailing party plaintiffs when assessing attorneys fees and costs. The Court stated that, "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees" in favor of the defendant. *Hughes,* 449 U.S. at 14, 101 S.Ct. 173. While the Supreme Court did not rule out the possibility of a district court awarding fees and costs to a prevailing party defendant, the Court stated that for a district court to award attorneys fees and costs to a prevailing defendant, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Id.* Moreover, the Second Circuit has added that "[i]n order to avoid chilling the initiation and prosecution of meritorious civil rights actions, fees are not to be awarded to a prevailing defendant unless the plaintiff's action was 'frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so.'" *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 765 (2d Cir.1998) (quoting *Christiansburg,* 434 U.S. at 422, 98 S.Ct. 694). Further, the Court is guided by the Second Circuit's pronouncement in *Rounseville v. Zahl,* 13 F.3d 625 (2d Cir.1994) that "we are hesitant to award attorney's fees to victorious defendants in section 1983 actions." *Id.* at 632.

### III. CONCLUSION

■ The Court has previously ruled that as a matter of law the defendants did not violate Title VII, New York Human Rights Law § 296 or Section 1983. However, in order to award the defendants attorneys' fees and costs, this Court would be required to make a finding that the plaintiff's claims were frivolous, unreasonable, or groundless. Title VII, New York Human Rights Law § 296, and Section 1983 all mandate that the plaintiff prove multiple elements in order to make out a *prima facie* case. While the

plaintiff failed to prove some of these elements which necessitated this Court's dismissal of all three claims, the Court is bound by the Supreme Court and Second Circuit's difficult burden in assessing fees and costs to the defendant. The Court notes that the plaintiff's contentions included a claim of a violation of due process in that he was suspended without pay without a hearing. Further, in the Title VII cause of action the plaintiff proved the first three elements of the prima facie case. Namely, (1) he was a member of a protected class, (2) he was qualified for the position or positions in which he worked or applied, and (3) he was the recipient of adverse employment decisions, but he failed to prove that these adverse employment decisions were done under circumstances giving rise to an inference of racial discrimination. However, the plaintiff did proffer two incidents of alleged racial discrimination that the Court found insufficient to raise a jury question. Therefore, despite the Court's granting of the defendants' motion to dismiss pursuant to Rule 50, the Court finds that the plaintiff's claims were not frivolous, unreasonable, or groundless.

Accordingly, it is hereby

**ORDERED**, that the defendants' motion pursuant to 42 U.S.C. § 1988(b) is **DENIED**.

The Clerk of the Court is advised that this Order closes the case.

SO ORDERED.