United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-60345
Summary Calendar

—————————————

THOMAS F. UNGER,

Plaintiff-Appellee,

versus

WACKENHUT; EMMITT L. SPARKMAN, Warden of Marshall County
Correctional Facility in Holly Springs, in his individual
and official capacities; WILLIE MAE WILLIAMS, Assistant
Warden at Marshall County Correctional Facility, in her
individual and official capacities; REGINALD BLANCHARD,
Sergeant; CHARLES SMITH, Sergeant, in his individual and
official capacities,

Defendants-Appellants.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CV-127-B
---------------------

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellee-defendant Reginald Blanchard appeals the
judgment entered upon the jury verdict finding Blanchard had
used excessive force against Thomas F. Unger, Mississippi state
prisoner # 68203, and finding him liable for damages to Ungar in
the amount of $5000.  Blanchard also appeals the district court's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

order denying his postjudgment motions to alter or amend the judgment, for judgment as a matter of law notwithstanding the verdict, for stay of enforcement of the judgment and alternatively, for his motion for a new trial.

Viewing all reasonable inferences from the evidence in favor of Unger, the nonmoving party, and giving deference to the jury's credibility findings, there was a legally sufficient evidentiary basis for a reasonable jury to find that unreasonable force was used, without provocation, by Officer Blanchard and that the use of such force resulted in an injury to Unger.  Therefore, the district court did not err in denying Blanchard's motion for a judgment as a matter of law nor did it abuse its discretion in denying his motion for a new trial.  See Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 149 (2000); Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

As discussed below, the district court did not err in denying Blanchard's postjudgment motion to amend the judgment or in refusing to stay the judgment in Unger's favor.

The prevailing defendants/appellees, Wackenhut, Sparkman, Williams, and Smith, argue that the district court erred in denying their motion for attorney's fees and costs because the district court dismissed the claims against them as frivolous.

They contend that the district court erred in failing to amend the judgment to offset the attorney's fees and costs due to them against the judgment rendered in Unger's favor against Blanchard.

Although the district court dismissed as frivolous the claims against these defendants prior to the jury's verdict, its ruling on the prevailing defendants' motion implied that it did not believe that the facts of the case warranted an award to the prevailing defendants. The record also indicated that the claims against these defendants were not totally vexatious and without any foundation. Therefore, the prevailing defendants failed to demonstrate that the district court abused its discretion in denying the motion for attorney's fees. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Hughes v. Rowe, 449 U.S. 5, 14 (1980).

This determination renders moot the motion of Blanchard and the prevailing defendants seeking to amend the judgment to offset the attorney's fees award against the judgment rendered in Unger's favor and against Blanchard. Blanchard has failed to make any argument or to cite any authority to support his claim that he should not have been taxed the costs of the proceeding. Thus, this claim is deemed abandoned. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The district court's judgment on the jury verdict in favor of Unger and against Blanchard and the orders denying the defendants' postjudgment motions are AFFIRMED.