[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12753
Non-Argument Calendar

_____

D. C. Docket No. 06-01101-CV-ORL-31KRS

JOE PERSAUD,
RAJKUMARIE PERSAUD,
on behalf of Joe Persaud, Jr., a minor child,

Plaintiffs-Appellants,

JOE PERSAUD, JR.,

Plaintiff,

versus

ORANGE COUNTY SCHOOL BOARD,
KEVIN BEARY,
Orange County Sheriff,
JOHN GLASCOCK,
Deputy, Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 23, 2007)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Joe Persaud and Rajkumarie Persaud, on behalf of their child, Joe Persaud Jr., appeal pro se the award of attorney's fees of $18,157.50 to Kevin Beary, Orange County Sheriff, and John Glascock, a Deputy Sheriff. See 42 U.S.C. § 1988. We affirm.

As a preliminary matter, to the extent the Persauds argue that the district court erred when it granted summary judgment against their complaint of civil rights violations, see 42 U.S.C. § 1983, that issue is not properly before us. Although the Persauds timely appealed the summary judgment, see Appeal No. 07-12135-JJ, we dismissed that appeal because the Persauds failed to submit a brief in support of their appeal. That appeal was not reinstated.

While represented by counsel, the Persauds complained that Beary and Glascock violated Joe Jr.'s constitutional rights under the Fifth and Fourteenth Amendments when Glascock conducted a custodial interrogation of Joe Jr. at his high school but did not first read him his rights under Miranda or contact his parents. The district court granted summary judgment in favor of Beary and Glascock because neither the custodial interrogation nor the failure to contact the Persauds before interrogating Joe Jr. violated the Constitution. The district court

2

declined to exercise supplemental jurisdiction over the remaining state law claims and remanded those claims to state court. The district court then granted Beary and Glascock's motion for attorney's fees in the amount of $18,157.50.

We review for abuse of discretion the award of attorney's fees to Beary and Glascock. Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005).

Under section 1988, a prevailing defendant is entitled to recover attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct 694, 700 (1978)) (internal quotation mark omitted). "Factors that are 'important in determining whether a claim is frivolous' include '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting Sullivan v. Sch. Bd., 773 F.2d 1182, 1189 (11th Cir. 1985). "Determinations regarding frivolity are to be made on a case-by-case basis." Id. (internal quotation marks omitted).

The district court applied the Sullivan factors and did not abuse its discretion when it awarded attorney's fees to Beary and Glascock. The district court

3

concluded that the Persauds' complaint was frivolous. The district court wrote that "even a cursory review of the law would have informed Plaintiffs' counsel that the alleged facts did not establish a constitutional violation." The defendant did not make an offer of settlement.

The district court also did not abuse its discretion when it struck the Persauds' responses to the motion for attorney's fees and denied the Persauds' motion to reconsider the award. The responses failed to comply with the local rules of the district court, and the district court determined that none of the arguments presented in the proposed responses were "meritorious, or even relevant to the issue of attorney's fees."

To the extent the Persauds appeal the amount of the attorney's fee award, we affirm the decision of the district court. The district court did not abuse its discretion when it determined that $135 per hour was a reasonable hourly rate and reduced the hours submitted by counsel for Beary and Glascock to reflect only those hours reasonably attributable to the defense of the Persaud's federal civil rights complaint.

The award of attorney's fees to Beary and Glascock is

**AFFIRMED.**