Justice THOMAS, concurring.
Under Title VII of the Civil Rights Act of 1964, a district court may award attorney's fees to "the prevailing party." 42 U.S.C. § 2000e-5(k). In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), this Court concluded that a prevailing plaintiff "ordinarily is to be awarded attorney's fees in all but special circumstances," but a prevailing defendant is to be awarded fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id., at 417, 421, 98 S.Ct. 694. That holding "mistakenly cast aside the statutory language" in interpreting the phrase "prevailing party." Fogerty v. Fantasy, Inc., 510 U.S. 517, 538, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (THOMAS, J., concurring in judgment) (internal quotation marks omitted). In this case, the Court of Appeals compounded Christiansburg 's error by requiring a district court to make yet another finding before a Title VII defendant may be considered a "prevailing party": The defendant must also obtain a "ruling on the merits." 774 F.3d 1169, 1181 (2014). Today, the Court correctly vacates that ruling and holds that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." Ante, at 1646. I therefore join the Court's opinion in full. Nevertheless, I continue to adhere to my view that Christiansburg is a "dubious precedent" that I will "decline to extend" any further. Fogerty, supra, at 539, 114 S.Ct. 1023 (opinion of THOMAS, J.).